**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
**OFFICE OF THE UNITED STATES TRUSTEE**
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017
Telephone No. (202) 894-1511
Facsimile No. (213) 894-2603
Email: Michael.Jones4@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION**<br><br>Debtor. | Case No.: 2:25-bk-18374-BR<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE REQUEST FOR CONTINUANCE AND OPPOSITION TO CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION'S EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF "CRITICAL VENDORS" IN THE ORDINARY COURSE (DKT. NO. 34)**<br><br>Hearing Date: 10/21/2025<br>Time: 10:00 AM<br>Place: Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION, AND ALL OTHER INTERESTED PARTIES:**

//

//

//

//

1

Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"), respectfully submits this Request for Continuance and Opposition to the Debtor's **EMERGENCY MOTION FOR ENTRY OF ORDER (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF "CRITICAL VENDORS" IN THE ORDINARY COURSE, (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF** (the "Motion"). The U.S. Trustee appears pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 307 to ensure the integrity of the bankruptcy system and compliance with the Bankruptcy Code's priority structure.

The U.S. Trustee respectfully (i) requests a continuance of the hearing and all related deadlines due to the lapse in appropriations, and (ii) opposes the Debtor's Critical Vendor Motion on the merits. Binding Ninth Circuit law forecloses critical-vendor relief outside the railroad context, and the record here is independently deficient.

## I. BACKGROUND

### A. The Emergency Motion and Supporting Pleadings

The Debtor, CIS International Holdings (N.A.) Corporation ("Debtor"), filed this Chapter 11 case on October 10, 2025. It operates a live aquatic livestock import and distribution facility in Gardena, California, supplying pet stores and wholesalers nationwide. Its operations depend upon a continuous flow of imported fish and related logistics.

The Motion seeks authority to pay prepetition "critical vendors" up to $118,437.45 on an interim basis and $91,193.77 on a final basis. The accompanying Declaration of Charitha Samarasinghe describes these vendors as foreign and domestic suppliers of live fish, oxygenation and packaging materials, freight forwarders, and customs brokers. The declaration also acknowledges overlap with other first-day motions, including $27,243.68 in prepetition payroll separately requested for payment.

According to the Debtor's 13-week DIP budget, October income is projected at $400,000, with total near-term cash needs of about $200,000, inclusive of the requested $91,193.77 in vendor payments. The proposed payments are to be funded entirely from cash collateral subject to liens held

2

by secured creditors, including Panthers Capital LLC, which has expressly withheld consent to its use.

## II. U.S. TRUSTEE'S REQUEST FOR CONTINUANCE (LAPSE IN APPROPRIATIONS)

At the end of the day on September 30, 2025, the continuing resolution that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including the United States Trustee Program. We do not know when such funding will be restored by Congress.

Under the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342, Department of Justice attorneys are prohibited from working, even voluntarily, except for "emergencies involving the safety of human life or the protection of property." Given the live-animal operations at issue, the U.S. Trustee will comply with any narrowly-tailored directive the Court deems essential to protect property, but respectfully requests that all merits briefing, argument, and deadlines be continued until appropriations are restored, with all dates extended day-for-day for the duration of the lapse. Debtor's counsel has indicated it views the relief as urgent; the U.S. Trustee regrets the inconvenience but must comply with federal law governing operations during a funding lapse.

If this request for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The U.S. Trustee requests that, at that point, all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations – *i.e.,* each deadline would be extended by the total number of days of the lapse in appropriations.

If this request for continuance is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department.

## III. U.S. TRUSTEE'S INITIAL RESPONSE TO THE MOTION

The U.S. Trustee believes that the issue before the Court is substantial enough that it should be fully briefed by the parties to ensure that the Court doesn't violate binding 9th Circuit law. While

3

such a full briefing is not possible at this time due to the shutdown, an initial response, briefly setting forth the basis for opposition to the Motion is set forth below.

### A. The Motion Seeks Relief Prohibited by Binding Ninth Circuit Precedent

The Ninth Circuit has squarely held that bankruptcy courts lack authority to authorize payment of prepetition unsecured claims absent an express statutory basis. In *B & W Enterprises, Inc. v. Goodman Oil Co. (In re B & W Enterprises, Inc.),* 713 F.2d 534 (9th Cir. 1983), the Court of Appeals rejected the so-called "necessity of payment" or "critical vendor" doctrine outside the limited context of railroad reorganizations, holding that such preferential treatment "is not a power given the courts by the 1978 Act." *Id.* at 537.

The Ninth Circuit's holding in *B & W* remains binding, and "the Necessity of Payment Rule" and the "Six Months Rule" cannot be applied to cases other than railroad cases. Thus, courts in this Circuit may not authorize selective prepetition payments to general unsecured creditors under §§ 105(a), 363(b), or 1107(a). Moreover, the Supreme Court in *Law v. Siegel*, 571 U.S. 415, 420–21 (2014), confirmed that § 105(a) "may not be used to contravene the Code's specific statutory provisions." To the extent the Debtor gestures toward §§ 105(a), 363(b), or 1107(a), those provisions do not authorize prepetition payments to general unsecured creditors and cannot be used to reorder priorities established by Congress.

### B. The Motion Lacks a Sufficient Evidentiary Basis Even if Such Authority Existed

Even if the Court had discretion to consider such relief, which it does not, the evidentiary record falls short. The declaration provides only generalized assertions that certain vendors "may withhold performance" absent payment. It identifies neither the specific vendors nor the nature of their contracts, and it attaches no correspondence or sworn statements showing that any supplier has threatened to terminate service or demand prepetition payment.

The Debtor's proposal to use secured creditors' cash collateral without consent further compounds the problem, as § 363(c)(2) prohibits such use absent consent or a court finding of adequate protection. Paying unsecured prepetition claims from another creditor's collateral violates both the statute and fundamental fairness.

Thus, the Debtor has not carried any burden that would justify this extraordinary relief, even if such relief were theoretically available:

1. **No vendor-by-vendor proof.** The Debtor provides no correspondence or sworn statements showing any particular vendor will cease performance absent prepetition cure, nor proof of irreplaceability or inability to operate on COD in the near term.

2. **Budget/cash-collateral issues.** The Debtor proposes to pay general unsecureds with secured creditors' cash collateral without consent. That is impermissible under § 363(c)(2) absent consent or court-ordered adequate protection, none of which can legitimize paying prepetition general unsecured claims.

3. **Internal inconsistency.** The Motion seeks $118,437.45 (interim) and $91,193.77 (final); a final cap lower than the interim total is unexplained. A complete vendor schedule with invoices, aging, and individual requested amounts is required in any event.

4. **Priority scheme & stay.** Vendors may insist on prospective COD (not a stay violation), but cannot condition postpetition performance on prepetition payments (§ 362(a)(6)).

**C. Granting the Motion Would Undermine the Statutory Priority Scheme**

Authorizing the Debtor to pay select unsecured creditors ahead of others would subvert the core bankruptcy principle of equal distribution. As the Ninth Circuit observed, "[a]bsent compelling reasons, it is unwise to tamper with the statutory priority scheme devised by Congress." *B & W Enterprises,* 713 F.2d at 535–38. No such reasons exist here, and granting the Motion would improperly elevate ordinary unsecured claims to administrative priority, prejudicing other creditors and contravening Congressional design.

//

//

5

## III. CONCLUSION

For the foregoing reasons, the Court should continue the hearing and all related deadlines until appropriations are restored. If the Court nevertheless reaches the merits now, the Motion should be denied in its entirety. In all events, the U.S. Trustee reserves all rights with respect to cash-collateral/DIP issues and any amended or supplemental requests.

DATED: October 17, 2025

Respectfully submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ Michael Jones
By:  Michael Jones
Assistant United States Trustee, Region 16

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Office of the United States Trustee, Region 16, 915 Wilshire Blvd, Ste 1850, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*):

**UNITED STATES TRUSTEE REQUEST FOR CONTINUANCE AND OPPOSITION TO CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION'S EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF "CRITICAL VENDORS" IN THE ORDINARY COURSE (DKT. NO. 34)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 17, 2025 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 17, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 17, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 17, 2025 | Michael Jones | /s/ Michael Jones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

## ECF Service List

Tanya Behnam     tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
Christopher Beyer     cab@replevin.com, ecf@writofseizure.com
Dennis A Dressler     ddressler@dresslerpeters.com
Ron Maroko     ron.maroko@usdoj.gov
Byron Z Moldo     bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
Scott Olson     solson@seyfarth.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com,chidocket@seyfarth.com
Amitkumar Sharma     amit.sharma@aisinfo.com
Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
Chase Aleksander Stone     cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

## Mail Service List

(Mailing list on attached pages)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**DEBTOR**

CIS International Holdings (N.A.)
Corporation dba eTropical Fish
1405 W. 178th Street
Gardena, CA 90248

**SECURED CREDITORS**

Newtek Bank, N.A.
1111 Brickell Ave, Suite 135
Miami, FL 33131

Panthers Capital LLC
10 E. Merrick Rd., Suite 204
Valley Stream, NY 11580

U.S. Small Business Administration
Office of General Counsel
312 North Spring Street, 5th Floor
Los Angeles, CA 90012

American Packaging Capital, Inc.
1491 San Carlos Avenue
Concord, CA 94518

Corporation Service Company
PO Box 2576
Springfield, IL 62708
Email: UCCSPREP@CSCGLOBAL.COM

Live Aquaria Holdings Corp
1405 W. 178th Street
Gardena, CA 90248

Automated Systems
 International Inc.
1405 W. 178th Street
Gardena, CA 90248

Newtek Bank, N.A.
1981 Marcus Ave., Suite 130
New Hyde Park, NY 11042

Panthers Capital LLC
9W Broad St. #320
Stamford, CT 06902

John T. Szalan, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510

The Huntington National Bank
(Assignor Secured Party: American Packaging Capital, Inc.)
1405 Xenium Lane North (PCC 180) Plymouth, MN  55441

Lionsrock Investments LLC 1405 W. 178th Street Gardena, CA 90248

Charitha I. Samarasinghie
4 Sundown Drive
Rolling Hills Estates, CA 90274

Panthers Capital LLC
157 Church Street, Suite 1971
New Haven, CT 06510

Settle
29 W 17th St, 2nd Floor
New York, NY 10011

Lucas Rocklin, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510

Newtek Small Business Finance LLC
1981 Marcus Ave., Suite 130
Lake Success, NY 11042

CIS International Distributors Inc.
1405 W. 178th Street, Unit B
Gardena, CA 90248

Woodmere Capital LLC
609 Barnard Avenue
Woodmere, NY 11598

**20 LARGEST**

American Packaging Capital, Inc.
PO Box 77077
Minneapolis, MN 55480-7777

California Employee Develop. Dept.
PO Box 826218
Sacramento, CA 94230-6218

CV Sematik Perkasa Indonesia
JL Setiawarg a
2I3BB RT 002, RW 004 Jatiranggon
Jatisampurna, Kota Bekasi **INDONESIA**

D.B. Group America, Ltd.
2351 US Route 130
Dayton, NJ 08810

Fleet Global Logistics
19 Srinakarin Rd. (4th Floor)
Bangna, Bangnha Nuea
Bangkok, **THAILAND** 10260

Ford Motor Credit
PO Box 537901
Livonia, MI 48153-7901

Guangzhou Quick Production Co.
A20 of Room 1001 No. 621
Tianhe Rd., Tianhe District
Guang Zhou, Guangzhou, **CHINA**

Launch Funding Group LLC
1250 E. Hallandale Beach Bl. #505
Hallandale, FL 33009

Lincoln Benefit Life Company
P.O. Box 4322
Carol Stream, IL 60197

Newtek Bank, N.A.
1111 Brickell Ave Suite 135
Miami, FL 33131

North Star Leasing Division
of Peoples Bank
P.O. Box 4505
Burlington, VT 05406-4505

Shorr Packaging
Los Angeles Branch
1100 Eliwanda Ave
Ontario, CA 91760-8658

Signature Staff Resources LLC
1460 TL Townsend Dr. # 104
Rockwall, TX 75032

Southern California Edison
Company
P.O. Box 300
Rosemead, CA 91770

Teknowledge Shared Services Ltd.
27/6A Park Lane
Rajagiriya, **SRI LANKA**

U.S. Small Business Administration
Office of General Counsel
312 North Spring Street, 5th Floor
Los Angeles, CA 90012

UPS
Executive Financial Enterprises
PO Box 894820
Los Angeles, CA 90189-4820

Victory Packaging
3550 E. Francis Street, Suite 200
Ontario, CA 91761

Western Overnight LLC
16 Corporate Woods Bl., Suite 1
Albany, NY 12211