| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Byron Z. Moldo (SBN 109652)<br>  bmoldo@ecjlaw.com<br>Chase Stone (SBN 335228)<br>  cstone@ecjlaw.com<br>ERVIN COHEN & JESSUP LLP<br>9401 Wilshire Boulevard, Twelfth Floor<br>Beverly Hills, California 90212-2974<br>Telephone: (310) 273-6333<br>Facsimile: (310) 859-2325<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>CIS International Holdings (N.A.) Corporation dba E Tropical Fish,<br><br><br><br><br>                                                    Debtor(s). | CASE NO.: 2:25-18374-BR<br>CHAPTER: 11 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 10/13/2025 __ Movant(s) filed a motion or application (Motion) entitled: Application of Debtor And Debtor-In-Possession For Authority To Employ Ervin Cohen & Jessup LLP As General Bankruptcy Counsel

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 10/13/2025 __ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 14 __ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                Page 1                        **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 11/24/2025          /s/   Chase A. Stone
                          Signature


                          Chase A. Stone (CA SBN 335228)
                          Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                      Page 2                 **F 9013-1.2.NO.REQUEST.HEARING.DEC**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Byron Z. Moldo (SBN 109652)<br> bmoldo@ecjlaw.com<br>Chase Stone (SBN 335228)<br> cstone@ecjlaw.com<br>ERVIN COHEN & JESSUP LLP<br>9401 Wilshire Boulevard, Twelfth Floor<br>Beverly Hills, California  90212-2974<br>Telephone: (310) 273-6333<br>Facsimile: (310) 859-2325 | FOR COURT USE ONLY |
|---|---|

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>CIS International Holdings (N.A.) Corporation dba E Tropical Fish<br><br><br><br>Debtor(s). | CASE NO.: 2:25-bk-18374-BR<br>CHAPTER: 11<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Debtor and Debtor in Possession, CIS International Holdings (N.A.) Corporation dba eTropical Fish</u>, filed a motion or application (Motion) entitled <u>Notice of Application and Application of Debtor and Debtor in Possession for Authority to Employ Ervin Cohen & Jessup LLP as General Bankruptcy Counsel, Effective</u> <u>September 22, 2025; Statement of Disinterestedness</u>.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 10/13/2025

_____
Signature of Movant or attorney for Movant

Byron Z. Moldo
_____
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

1  Byron Z. Moldo (SBN 109652)
       bmoldo@ecjlaw.com
2  Chase Stone (SBN 335228)
       cstone@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Twelfth Floor
4  Beverly Hills, California 90212-2974
   Telephone: (310) 273-6333
5  Facsimile: (310) 859-2325

6  Proposed Attorneys for Debtor and Debtor in
   Possession

7

8                    **UNITED STATES BANKRUPTCY COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11
   In re                                    Case No. 2:25-18374-BR
12                                           Chapter 11
   CIS International Holdings (N.A.) Corporation
13 dba E Tropical Fish,                      **NOTICE OF APPLICATION AND
                                             APPLICATION OF DEBTOR AND
14         Debtor.                           DEBTOR-IN-POSSESSION FOR
                                             AUTHORITY TO EMPLOY ERVIN
15                                           COHEN & JESSUP LLP AS GENERAL
                                             BANKRUPTCY COUNSEL, EFFECTIVE
16                                           SEPTEMBER 22, 2025; STATEMENT OF
                                             DISINTERESTEDNESS**
17
                                             The Hon. Barry Russell
18
                                             [No Hearing Required]
19

20      **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**

21 **JUDGE, AND PARTIES IN INTEREST:**

22      **PLEASE TAKE NOTICE** that the Debtor and Debtor in Possession herein, CIS

23 International Holdings (N.A.) Corporation dba E Tropical Fish ("**CIS**" or "**Debtor**") hereby

24 applies for entry of an order under 11 U.S.C. § 327(a) authorizing Debtor to employ Ervin Cohen

25 & Jessup LLP ("**ECJ**" or "the **Firm**") as general bankruptcy counsel, effective as of September

26 22, 2025 (the "**Petition Date**") (the "**Application**"). In compliance with Local Bankruptcy Rule

27 ("**LBR**") 2014-1(b)(3), Debtor hereby provides the following information regarding the

28 Application for employment of ECJ:

18899.1:11670332.1

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

ERVIN COHEN & JESSUP LLP

**A.**     <u>**Identification of Professional, and Purpose/Scope of Employment**</u>

The name of the law firm that Debtor seeks to employ as general bankruptcy counsel is ECJ. ECJ proposes to represent Debtor in this Chapter 11 bankruptcy case, including in any related adversary proceedings that may be initiated in this bankruptcy case, or in adversary proceedings initiated in related cases. ECJ will attend all meetings and hearings related to Debtor's bankruptcy case, and generally perform all services necessary as general counsel to a Chapter 11 debtor/debtor-in-possession. The scope of ECJ's representation may change subject to further developments in the case or other paths that the representation may take.

Debtor proposes to employ ECJ in his order to reorganize Debtor's business operations for the benefit of creditors. Debtor selected ECJ as their general bankruptcy counsel to assist Debtor in filing and prosecuting this Chapter 11 general bankruptcy because of its experience and expertise in insolvency issues. The Firm's attorneys who will appear in this matter are duly admitted to practice in this Court.

**B.**     <u>**Whether Professional Seeks Compensation Pursuant To 11 U.S.C. § 328 Or 11 U.S.C. § 330**</u>

Debtor seeks to employ ECJ pursuant to 11 U.S.C. § 327. ECJ will seek approval of its compensation and reimbursement of its expenses pursuant to 11 U.S.C. §§ 330 and 331.

**C.**     <u>**Arrangements For Compensation; Hourly Rates; Sources of Fees; Retainer**</u>

On or around September 15, 2025, Debtor entered into a representation agreement with ECJ, which provides that the Debtor shall provide a $100,000.00 retainer to ECJ. Prepetition, Debtor's President paid ECJ an initial retainer of $50,000.00, which was transmitted to ECJ's Client-Trust Account where it has since been maintained. Based upon ECJ's prepetition work, including filing Debtor's Chapter 11 petition, ECJ drew down on the retainer in the sum of $15,680.00 for the payment of fees and costs incurred prior to September 22, 2025. Consequently, on the Petition Date, ECJ held a retainer balance of approximately $34,320.00 (the "Retainer"). ECJ now requests that the Court authorize the Debtor to pay the remaining $50,000.00 of the agreed-upon retainer so that ECJ may hold the full retainer amount contemplated under the representation agreement ("Additional Retainer").

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

Post petition, ECJ will charge for its services at an hourly rate measured in increments of tenths of an hour. ECJ will also seek reimbursement of expenses. The current hourly rates for ECJ's attorneys are attached as **Exhibit 1.** Attached as **Exhibit 2** are the rates of reimbursement of expenses. ECJ's hourly rates are set at a level to compensate the Firm, its attorneys, and paraprofessionals at a reasonable rate, as well as to reimburse for fixed and routine expenses:

| Billing Category | Current Hourly Range |
|---|---|
| Partners/Senior Counsel | $1,075.00 |
| Bankruptcy Associates | $650.00 |

Hourly rates are based upon, among other things, expertise, seniority, and distinction, but are subject to periodic adjustments. ECJ's hourly rates are no different than the hourly rates and related rate structure that ECJ uses in similar matters involving issues surrounding insolvency. ECJ will also seek to be reimbursed, subject to Court approval, for all out-of-pocket expenses incurred by ECJ on Debtor's behalf. All requests for reimbursement of expenses will be consistent with the United States Trustee's Fee Guide *infra.*

Debtor proposes to compensate ECJ on the following basis, except as the Court may otherwise determine and direct, after appropriate notice and hearing:

The Retainer was paid to ECJ as an advance against fees and costs to be incurred by ECJ in the course of its representation in this bankruptcy case. In accordance with the Office of the United States Trustee's *Guide to Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"), ECJ will draw down on the Retainer, as well as the Additional Retainer, with any sums remaining to be maintained within ECJ's Client-Trust account. ECJ will submit a monthly Professional Fee Statement until the Retainer and Additional Retainer are exhausted. Once the Retainer and Additional Retainer have been exhausted, the source of future payments to ECJ will be from the bankruptcy estate.

Assuming the Court approves ECJ's employment, ECJ will apply to the Court under §§ 330 and 331 of the Bankruptcy Code for an allowance of fees and reimbursable expenses not more often than every 120 days. All applications of ECJ for compensation will be heard upon notice to

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS GENERAL BANKRUPTCY COUNSEL

ERVIN COHEN & JESSUP LLP

1  creditors and other parties-in-interest. ECJ will accept such fees and reimbursement for expenses

2  as may be awarded by the Court. ECJ expects that its compensation will be based upon a

3  combination of factors including, without limitation, its customary fees charged to clients who pay

4  ECJ monthly, as those fees are adjusted from time to time, the experience and reputation of

5  counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken

6  (including applicable time limitations).

7      The attorney at ECJ who will be primarily responsible for managing the bankruptcy

8  matters on behalf of Debtor is Byron Z. Moldo. However, ECJ has several other attorneys

9  specializing in insolvency and bankruptcy matters. *See* **Exhibit 3** attached. Based upon, among

10  other things, the complexity and amount of legal services required in this case, other attorneys at

11  ECJ will be called upon to provide legal services on behalf of Debtor.

12      **D.      Name, Address And Telephone Number Of Person Who Will Provide A Copy**

13  **Of The Application**

14      A copy of the Application is appended hereto. Requests for copies of the Application may

15  be made via email to Debtor's proposed counsel, Attn.: Byron Z. Moldo, Ervin Cohen & Jessup

16  LLP, 9401 Wilshire Blvd., 12th Floor, Beverly Hills, CA 90212-2974.

17      This Application is based upon this notice and Application, the Memorandum of Points

18  and Authorities appended hereto, the Declaration of Disinterestedness and exhibits thereto, and

19  such other evidence as may be presented to the Court.

20      **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013 1(o)(1)(A)(ii), any

21  objection and request for hearing must be in writing and must be filed and served within fourteen

22  (14) days after of the date of mailing of this Notice, plus an additional 3 days if this notice of

23  motion was served by mail or pursuant to Fed. R. Civ. P. 5(b)(2)(D) or (F). The response or

24  opposition to the Application shall be filed with the Bankruptcy Court and served on the United

25  States Trustee, at 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017 and proposed

26  counsel for Debtor, Byron Z. Moldo, at Ervin Cohen & Jessup LLP, 9401 Wilshire Blvd., 12th

27  Floor, Beverly Hills, California 90212-2974.

28  ///

ERVIN COHEN & JESSUP LLP

1     **PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FILE A WRITTEN**

2  **RESPONSE** within fourteen (14) days of the date of the service of this notice, plus an additional

3  3 days if this notice of motion was served by mail or pursuant to Fed. R. Civ. P. 5(b)(2)(D) or (F),

4  the Court may treat such failure as a waiver of the right to oppose the Application and may grant

5  the requested relief.

6  DATED: October 13, 2025                    ERVIN COHEN & JESSUP LLP
                                                  Byron Z. Moldo
7                                                 Chase Stone

8

9
                                             By: _____
10                                                Byron Z. Moldo
                                                  Proposed Attorneys for Debtor and Debtor in
11                                                Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Bankruptcy Background, Debtor's History and Business Operations

CIS International Holdings (N.A.) Corporation d/b/a eTropical Fish ("**CIS**" or "**Debtor**") operates a national wholesale and distribution business for live aquatic livestock. CIS operates from a facility located at 1405 W. 178th Street, Los Angeles, California 90248, which houses specialized life-support systems necessary for the handling of its live aquatic inventory. The company supplies national retail accounts, including its largest customer, Petco Animal Supplies Stores, Inc. ("**Petco**"), as well as independent aquarium retailers across the United States. The Debtor's business model depends on a continuous international supply chain, sourcing tropical fish and aquatic species from foreign collection centers and exporters in Asia and South America, importing them through temperature-controlled ("cold chain") freight, and distributing them domestically through specialized carriers. The business requires ongoing cash flow to fund livestock purchases, freight and customs costs, packaging, rent, and payroll for trained aquatic handlers. Any disruption in liquidity can lead to significant livestock loss and damage to customer relationships.

Prior to the bankruptcy filing, CIS faced mounting financial strain due to a combination of factors, including rising international freight and customs costs, tightening credit terms, and increased debt obligations. In an effort to meet operational demands and preserve customer relationships, CIS obtained funding through several merchant cash advance ("**MCA**") agreements, under which the Debtor sold portions of its future receivables in exchange for immediate lump-sum funding. These arrangements carried extremely high effective interest rates and aggressive repayment terms, which quickly drained liquidity. Ultimately, CIS's cash flow was severely restricted, impairing its ability to pay vendors, freight carriers, and employees.

The Debtor is also a defendant in a pending action filed by Panthers Capital LLC ("Panthers") in the Superior Court of Connecticut, which arises from a disputed financing arrangement executed prior to the bankruptcy. On or about December 4, 2024, CIS entered into a three-party Factoring Facility Agreement (the "Three-Party Agreement"), with Petco and Panthers under which Panthers purchased certain accounts receivable of CIS to secure repayment of

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1    financing that Panthers had extended to CIS. Panthers contends that the agreement granted it a

2    perfected, first-priority security interest in all of CIS's accounts receivable and proceeds, including

3    accounts receivable owed by Petco. The dispute is expected to continue in this Chapter 11 case,

4    and the Debtor anticipates seeking a determination from the Bankruptcy Court as to the validity,

5    priority, and secured status of Panthers' alleged lien.

6    As liquidity diminished and lender disputes froze cash inflows, CIS was unable to fund

7    essential operations or maintain regular shipments to key customers. On September 22, 2025 (the

8    "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the

9    United States Code (the "**Code**") to stabilize its tropical fish distribution business, restructure

10   liabilities, and preserve value for creditors and the estate. Immediately following the filing, CIS

11   reached a stipulation with Petco for turnover of accounts receivable pursuant to 11 U.S.C. § 542,

12   ensuring that ongoing payments would be made directly to the Debtor's DIP account rather than to

13   Panthers.[1]

14   On October 6, 2025, the Debtor filed its *Ex Parte Motion for an Order Extending Time for*

15   *Debtor to File Schedules of Assets and Liabilities and Statement of Financial Affairs ("SOFA")*

16   [Docket No. 17], requesting additional time to complete and file its required case commencement

17   documents due to the complexity of its operations and the need to accurately disclose information

18   concerning its overseas assets, vendors, and affiliates. On October 7, 2025, the Court entered an

19   *Order Granting the Debtor's Ex Parte Motion* [Docket No. 21], extending the filing deadline to

20   October 20, 2025 to allow the Debtor and its proposed counsel sufficient time to compile and

21   verify the necessary financial information, ensuring completeness and accuracy in the Debtor's

22   disclosures. The Debtor also will be filing motions for authority to use cash collateral and to pay

23   critical vendors to ensure minimal disruption to its operations.

24   ///

25

26   [1] On October 7, 2025, this Court entered its *Order Approving Stipulation Between Debtor
and Petco for Turnover Pursuant to 11 U.S.C. § 542* [Docket No. 22], approving the parties'
27   stipulation under which Petco agreed to remit and turn over to the Debtor certain accounts
receivable owed to CIS, notwithstanding the terms of the Three-Party Agreement.
28

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

## II.     The Debtor's Plan for this Case

CIS intends to use the Chapter 11 process to reorganize its financial affairs, preserve operations, and position the business for renewed growth. The Debtor has retained Ervin Cohen & Jessup LLP ("ECJ") as proposed bankruptcy counsel to guide it through this process.

The Debtor's plan centers on stabilizing operations, resolving the dispute with Panthers, maintaining the Petco relationship, and formulating a feasible plan of reorganization. CIS will maintain operations through court-approved use of cash collateral, ensuring timely payment of payroll, freight, packaging, rent, and utilities, while providing adequate protection to secured creditors. The Debtor also plans to resolve or restructure its relationship with Panthers through negotiated settlement or litigation, as that dispute directly affects access to its receivable streams. CIS's relationship with Petco remains critical; the parties have cooperated to ensure continuity of supply and payment under post-petition trade terms.

The Debtor expects to file a disclosure statement and plan of reorganization within four to six months, consistent with the Court's scheduling expectations. The plan will address treatment of secured, unsecured, and MCA claims, as well as potential avoidance actions, and will provide for payments from future operations and recovered accounts receivable. Although CIS temporarily reduced its workforce to manage expenses, it retains a strong operational base and intends to rehire and expand once the business stabilizes. The company's management remains committed to leveraging its longstanding supplier and customer relationships to restore profitability and promote growth. In short, CIS's Chapter 11 filing was prompted by cost pressures, loss of liquidity, and receivable disputes, but the Debtor is well positioned to reorganize as a viable, growth-oriented enterprise that preserves jobs, maintains animal welfare standards, and maximizes recovery for creditors.

## III.     Proposed Retention Of General Bankruptcy Counsel; Ervin Cohen & Jessup LLP

Debtor's bankruptcy case will address relatively complicated issues of fact and law and, accordingly, Debtor requires the services of experienced counsel to represent him at the expense of the estate. ECJ's experience and Firm resume is attached as **Exhibit 3.**

Debtor has selected to retain ECJ as his general bankruptcy counsel in light of ECJ's

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

1    considerable expertise in matters of this nature, specifically, insolvency and reorganization

2    matters. ECJ's attorneys who will appear in this matter are duly admitted to practice in this Court.

3    Subject to further order of this Bankruptcy Court, ECJ is expected to render the following services

4    on Debtor's behalf as his general bankruptcy counsel:

5              (a)    To advise Debtor regarding matters of bankruptcy law, including the rights

6    and remedies in regard to its assets and with respect to the claims of creditors;

7              (b)    To advise Debtor with respect to its right, powers, duties and obligations as

8    a debtor-in-possession in the administration of this case, the management of its business affairs

9    and the management of its properties or other assets;

10             (c)    To advise and assist Debtor with respect to compliance with the

11   requirements of the United States Trustee;

12             (d)    To represent Debtor in any proceedings or hearings in the Bankruptcy Court

13   or before the United States Trustee;

14             (e)    To prepare and file pleadings, applications, motions and other papers and

15   conduct examinations incidental to administration of the Chapter 11 case;

16             (f)    To advise and assist the negotiation, formulation, presentation, confirmation

17   and implementation of a Chapter 11 plan of reorganization and any and all matters relating thereto,

18   and

19             (g)    To perform any and all other legal services as requested by Debtor in

20   connection with this Chapter 11 case.

21        ECJ intends to work closely with Debtor and the other professionals that are anticipated to

22   be retained in this case, as discussed *infra.* Under such circumstances, Debtor believes that the

23   employment of ECJ is prudent. ECJ is willing to represent Debtor and to accept employment upon

24   the terms in this application, with such employment subject to the approval of this Court. With

25   Court approval, Debtor will also seek to retain an accountant and a tax preparer.

26   **IV.    Prepetition Retainer And Arrangements For Future Compensation**

27        On or around September 15, 2025, Debtor entered into a representation agreement with

28   ECJ, which provides that the Debtor shall provide a $100,000.00 retainer to ECJ. Prepetition,

ERVIN COHEN & JESSUP LLP

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

Debtor's President paid ECJ an initial retainer of $50,000.00. Based upon ECJ's prepetition work, including filing Debtor's Chapter 11 petition, ECJ drew down on the retainer in the sum of $15,680.00 for the payment of fees and costs incurred prior to the Petition Date. Consequently, on the Petition Date, ECJ held a retainer balance of approximately $34,320.00 (the "Retainer"). ECJ now requests that the Court authorize the Debtor to pay the remaining $50,000.00 of the agreed-upon retainer so that ECJ may hold the full retainer amount contemplated under the representation agreement ("Additional Retainer"). ECJ has drawn down on the Retainer in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and *Guide to Applications for Retainers, and Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee.

Post petition, ECJ will charge for its services at an hourly rate measured in increments of tenths of an hour. ECJ will also seek reimbursement of expenses. The current hourly rates for ECJ's attorneys are attached as **Exhibit 1.** It will also seek reimbursement of its expenses. Attached as **Exhibit 2** are the rates of reimbursement of expenses. ECJ's hourly rates are set at a level to compensate the Firm, its attorneys, and paraprofessionals at a reasonable rate, as well as to reimburse for fixed and routine expenses. Hourly rates are based upon, among other things, expertise, seniority, and distinction, but are subject to periodic adjustments.

Effective September 22, 2025, Debtor proposes to compensate ECJ for its fees and costs on the following basis, except as the Court may otherwise determine and direct, after appropriate notice and hearing.

ECJ requests that the Court authorize the Debtor to pay the Additional Retainer so that ECJ may hold the full retainer amount contemplated under the representation agreement. After the Retainer and Additional Retainer are exhausted, ECJ will apply to the Court under §§ 330 and 331 of the Bankruptcy Code for an allowance of fees and reimbursable expenses not more often than every 120 days. All applications of ECJ for compensation will be heard upon notice to creditors and other parties-in-interest. ECJ will accept such fees and reimbursement for expenses as may be awarded by the Court. ECJ expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients who pay ECJ monthly,

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  as those fees are adjusted from time to time, the experience and reputation of counsel, the time

2  expended, the results achieved, the novelty and difficulty of the tasks undertaken (including

3  applicable time limitations) and the preclusion from other employment caused by its work in this

4  bankruptcy case. ECJ will submit a monthly Professional Fee Statement until the Retainer is

5  exhausted.

6       ECJ's prepetition written engagement agreement with Debtor will be replaced by this

7  Application and the order thereon. The prepetition Retainer funds originated from Debtor's

8  president, Sam Samarasinghe ("Samarasinghe"). Samarasinghe wired $50,000.00 directly to ECJ.

9  ECJ requests that the Court authorize the Debtor to pay the Additional Retainer. After the Retainer

10 and Additional Retainer have been exhausted, the source of future payments to ECJ will be from

11 the bankruptcy estate. ECJ, nor any of its attorneys, have any agreement with any other entity to

12 share with such entity any compensation received by ECJ in connection with Debtor's Chapter 11

13 case. Moreover, no previous application for the relief requested herein has been made to this Court

14 or any other court.

15 **V.    ECJ's Disinterestedness**

16      As of the date of this Application, to the best of the Debtor's knowledge and after

17 consideration of the disclosures in the attached Statement of Disinterestedness, Debtor believes

18 that ECJ, and all of its partners and associates are disinterested persons as that term is defined in

19 11 U.S.C. § 101(14), and neither ECJ, nor any partners or associates of ECJ, are currently

20 connected with Debtor, its creditors, any other party in interest, its attorneys and accountants, or to

21 this estate, and has no relation to any bankruptcy judge presiding in this district, the Clerk of the

22 Court or any relation to the United States Trustee in this district, or any person employed at the

23 Court or the Office of the United States Trustee, nor does ECJ or its attorneys represent or hold an

24 adverse interest with respect to Debtor, any creditor, or to this estate. ECJ has no prepetition claim

25 against Debtor's estate.

26      There will be no written employment agreement between Debtor and ECJ apart from what

27 is included in this Application and the order entered upon this Application, save for the original

28 engagement letter. However, if the Court does not approve ECJ's employment as requested in this

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

1    Application, ECJ will not be obligated to provide services in this bankruptcy to Debtor. Assuming

2    ECJ's employment is approved, the only sources of payment of compensation from Debtor for

3    ECJ will be from the Retainer, and once that is exhausted, from the estate, as may be approved and

4    ordered paid by the Court, after notice and hearing.

5    **VI.    Conclusion**

6         For the foregoing reasons, Debtor respectfully requests that the Court enter an order

7    approving this Application and authorizing Debtor to employ Ervin Cohen & Jessup LLP as its

8    general bankruptcy counsel, effective as of September 22, 2025, as an administrative expense in

9    this bankruptcy estate, and to pay the Additional Retainer to ECJ. Debtor further prays for all

10   other appropriate relief.

11   DATED:  October 13, 2025                    ERVIN COHEN & JESSUP LLP
                                                 Byron Z. Moldo
12                                               Chase Stone

13

14                                   By: _____

15                                       Byron Z. Moldo
16                                       Proposed Attorneys for Debtor and Debtor in
                                         Possession
17

ERVIN COHEN & JESSUP LLP

**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FED. R. BANKR. P. 2014**

1.     <u>Name, address and telephone number of the professional ("the Professional") submitting this Statement:</u>

Byron Z. Moldo
Ervin Cohen & Jessup LLP
9401 Wilshire Boulevard, 12thFloor
Beverly Hills, CA 90212
Tel.: (310) 273-6333

2.     <u>The services to be rendered by the Professional in this case are (specify):</u>

ECJ is expected to render the following services on Debtor's behalf as his general bankruptcy counsel:

- To advise Debtor regarding matters of bankruptcy law, including the rights and remedies in regard to its assets and with respect to the claims of creditors;

- To advise Debtor with respect to its right, powers, duties and obligations as a debtor-in-possession in the administration of this case, the management of its business affairs and the management of its properties or other assets;

- To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

- To represent Debtor in any proceedings or hearings in the Bankruptcy Court or before the United States Trustee;

- To prepare and file pleadings, applications, motions and other papers and conduct examinations incidental to administration of the Chapter 11 case;

- (To advise and assist the negotiation, formulation, presentation, confirmation and implementation of a Chapter 11 plan of reorganization and any and all matters relating thereto, and

- (To perform any and all other legal services as requested by Debtor in connection with this Chapter 11 case.

3.     <u>The terms and source of the proposed compensation and reimbursement of the Professional are (specify):</u>

*See* pp. 2-4 of the Application *supra.*

4.     <u>The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):</u>

Debtor entered into a representation agreement with ECJ, which provides that the Debtor shall provide a $100,000.00 retainer to ECJ. Prepetition, Debtor's President paid ECJ an initial retainer of $50,000.00, which was transmitted to ECJ's Client-Trust Account where it has since

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS GENERAL BANKRUPTCY COUNSEL

1   been maintained. Based upon ECJ's prepetition work, including filing Debtor's Chapter 11

2   petition, ECJ drew down on the retainer in the sum of $15,680.00 for the payment of fees and

3   costs incurred prior to the Petition Date. Consequently, on the Petition Date, ECJ held a retainer

4   balance of approximately $34,320.00 (the "Retainer").  ECJ now requests that the Court authorize

5   the Debtor to pay the remaining $50,000.00 of the agreed-upon retainer so that ECJ may hold the

6   full retainer amount contemplated under the representation agreement ("Additional Retainer").

7        5.    The investigation of disinterestedness made by the Professional prior to submitting
8              this Statement consisted of (specify):

9   As is customary, upon preliminary discussion and review of Debtor's matter, ECJ

10  performed an internal conflicts check in order to determine if any prior attorney-client

11  relationship, or other connection, existed with Debtor, insiders, other professionals, or creditors on

12  the master mailing list. ECJ will periodically review its files during the pendency of Debtor's case

13  to ensure that no conflicts or other circumstances that would lead to disqualification arise. If any

14  relevant facts or connections are discovered, ECJ will identify those facts, and make reasonable

15  efforts to disclose those facts, if necessary.

16       6.    The following is a complete description of all of the Professional's connections
17             with the Chapter 11 trustee, the debtor, principals of the Debtor, insiders, the
               Debtor's creditors, any other party or parties in interest, and their respective
18             attorneys and accountants, or any person employed in the Office of the United
               States Trustee (specify, attaching extra pages as necessary):

19  None.

20       7.    The Professional **is not** a creditor, an equity security holder or an insider of the
               debtor, except as follows (specify, attaching extra pages as necessary):

21

22       8.    The Professional **is not** and **was not** an investment banker for any outstanding
23             security of the Debtor.

24       9.    The Professional **has not** been within three (3) years before the date of the filing of
               the petition herein, an investment banker for a security of the Debtor, or an attorney
25             for such an investment banker in connection with the offer, sale or issuance of any
               security of the Debtor.

26       10.   The Professional **is not** and **was not,** within two (2) years before the date of the
27             filing of the petition herein, a director, officer or employee of the Debtor or of any
               investment banker for any security of the Debtor.

28       11.   The Professional neither holds nor represents any interest materially adverse to the

*(left margin)* ERVIN COHEN & JESSUP LLP

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

1  interest of the estate or of any class of creditors or equity security holders, by
2  reason of any direct or indirect relationship to, connection with, or interest in, the
   Debtor or any investment banker for any security of the Debtor, or for any other
3  reason, except as follows (specify, attaching extra pages as necessary):

   None.

4

5  12.    Name, address and telephone number of the person signing this Statement on
         behalf of the Professional and the relationship of such person to the Professional
6        (specify):

7  Byron Z. Moldo, Partner
   Ervin Cohen & Jessup LLP
8  9401 Wilshire Boulevard, 12th Floor
   Beverly Hills, CA 90212
9  Tel.: (310) 273-6333

10 13.    The Professional is not a relative or employee of the United States Trustee or a
         Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

11 None.

12 14.    Total number of attached pages of supporting documentation:

13 44.

14      After conducting or supervising the investigation described in Paragraph 5 above, I declare

15 under penalty of perjury under the laws of the United States of America, that the foregoing is true

16 and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

17      Executed on October 13, 2025, at Beverly Hills, California.

18

19

20 _____
   Byron Z. Moldo

21

22

23

24

25

26

27

28

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ERVIN COHEN & JESSUP LLP AS
GENERAL BANKRUPTCY COUNSEL

ERVIN COHEN & JESSUP LLP

# EXHIBIT 1

# ERVIN COHEN & JESSUP LLP

## 2025 Billing Rates

| | |
|---|---|
| Alsbrook, B. | $1075/hour |
| Davidson, P. | $1075/hour |
| Moldo, B. | $1075/hour |
| Stone, C. | $650/hour |
| Gabai, D. | $650/hour |
| Allen, D. | $650/hour |
| | |
| Clerk - Bankruptcy | $175/hour |
| Document Clerk | $200 to $215/hour |
| Entry Document Clerk | $85 to $110/hour |
| Law Clerk – General | $260/hour |
| Legal Technology Specialist | $235/hour |
| Paralegal – Litigation, Jr. | $220/hour |
| Paralegal – General | $310/hour |
| Paralegal – Estate Planning | $265/hour |
| Receivership Manager | $250/hour |
| Specific Project Clerk | $125/hour to $185/hour |

# EXHIBIT 2

# ERVIN COHEN & JESSUP LLP

### Expense Rates ($)

| | |
|---|---|
| Reprographic Expense | $0.20 per page |
| Facsimile (Incoming) | $0.20 per page |
| Facsimile (Outgoing) | $1.00 per page |
| Mileage | IRS Rate (0.70 per mile) |
| Telephone | Actual Cost |
| Postage | Actual Cost |
| Messengers | Actual Cost |
| Overnight Mail | Actual Cost |
| Online Computer Research | Actual Cost |
| Filing Fees | Actual Cost |
| Deposition/Witness Fee | Actual Cost |
| Parking | Actual Cost |

# EXHIBIT 3

# ERVIN COHEN & JESSUP LLP

# RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

The Receivership, Bankruptcy, and Creditors' Rights Department of Ervin Cohen & Jessup LLP provides assistance in a wide range of areas involving bankruptcy, receivership, restructuring, reorganization, out-of-court workouts and creditors' rights issues. Our clients include corporations, partnerships (general, limited and limited liability), limited liability companies, individuals, receivers, bankruptcy trustees, creditors' committees, developers, financial institutions and private lenders.

**Receivership, Bankruptcy, and Creditors' Rights Services**

The Receivership, Bankruptcy, and Creditors' Rights Department represents debtors and debtors-in-possession, state and federal court receivers, unsecured and secured creditors, Chapter 7 and 11 trustees and creditors' committees in adversary proceedings and related insolvency litigation, out-of-court workouts, business reorganizations and bankruptcies, and complex Chapter 7 cases.

The Receivership, Bankruptcy, and Creditors' Rights Department is complemented by the extensive experience found in the Firm's Real Estate; Litigation; and Business, Corporate and Tax Departments. Our attorneys also serve as court-appointed receivers, trustees, assignees for the benefits of creditors and in other fiduciary capacities, and are frequently called upon to speak at state and national conferences.

Our attorneys seek the most cost-effective and creative solutions for debtors in dealing with major liabilities, business downturns and/or cash-flow problems, and creditors with respect to the enforcement of their rights.

Our capabilities include:

- **Debtors:** Debtors and debtors-in-possession are heavily scrutinized in most Chapter 11 cases and workouts effected out of court. Our lawyers provide skilled counsel to debtors and debtors-in-possession nationwide.

- **Creditors' Committees:** In most Chapter 11 cases, the establishment and effectiveness of creditors' committees are crucial to safeguarding the interests of creditors, bondholders and other holders of debt. ECJ has extensive experience representing unsecured creditors' committees in

**PROFESSIONALS**

Dylan Allen

Blake C. Alsbrook

Peter A. Davidson

Danielle R. Gabai

Byron Z. Moldo

Chase A. Stone



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974  | T 310.273.6333  |  www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

Receivership, Bankruptcy, and Creditors' Rights Services

substantial Chapter 11 cases both for businesses and individuals.

- **Bankruptcy Trustee Services:** All Chapter 7 and, occasionally, Chapter 11 cases require the appointment of trustees. One of the department members has served as a Chapter 7 and 11 trustee. In addition, ECJ frequently represents trustees in both Chapter 7 and Chapter 11 cases.

- **Creditors' Rights:** Our Bankruptcy, Receivership and Creditors' Rights Department also represents a variety of institutional and private lenders, as well as secured and unsecured creditors in a significant range of industries.

- **Receivers:** Members of the Department are frequently appointed as receivers by state and federal courts and also represent receivers appointed by these courts.

- **Assignment for Benefit of Creditors:** Members of the Department have served as assignees for the benefit of creditors and also have experience in representing assignees.

Representative bankruptcy cases include: Georges Marciano, Vince Neil, Tariano (Tito) Jackson, Jermaine Jackson, Katherine and Joseph Jackson, Circuit City, Fresh & Easy, Radio Shack, Hamburger Hamlet, L.A. Gear, Clothestime and Long John Silvers.

Our receivership matters include cases filed by the Securities and Exchange Commission, Federal Trade Commission, Commodities Futures Trading Commission, California Department of Business Oversight and California Department of Real Estate.

## Client Alerts

Byron Moldo Joins Andy Serbe on *Legal Lens* to Discuss Retail Bankruptcies
*ION Analytics*, 08.27.2025

34 Ervin Cohen & Jessup Attorneys Named "Best Lawyers In America"
08.21.2025

Two Ervin Cohen & Jessup Partners Named 'Leading Global Bankruptcy Lawyers'
07.07.2025

Peter Davidson Quoted in Business Insider, "Rudy Giuliani can't make his $148 million defamation judgment go away even if he can't pay"
*Business Insider*, 12.22.2023

Two Ervin Cohen & Jessup Attorneys Named Among The Next Generation Of Legal Leaders In America
*Lawdragon*, 07.12.2023

Partner Byron Moldo Quoted In The Los Angeles Times
*Los Angeles Times*, 07.07.2022



# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

Partner Byron Moldo Quoted in the Guardian on the Mega-Mansion "The One"
03.04.2022

Partner Byron Moldo Quoted In The Los Angeles Times
*Los Angeles Times*, 03.01.2022

Sonia Singh Elected to the Los Angeles Bankruptcy Forum Board
09.14.2021

Partner Byron Moldo Discusses the Financial Fallout of the Pandemic in the LA Business Journal's Bankruptcy Roundtable
*Los Angeles Business Journal*, 07.29.2020

ECJ Partner Byron Moldo Quoted In The Southern California Record
Bankruptcy Attorneys Prepare For An Onslaught Of Filings Post COVID-19, But There Are Alternatives
*Southern California Record* , 04.15.2020

Seasoned Attorney Blake Alsbrook Joins Ervin Cohen & Jessup
02.19.2020

Ervin Cohen & Jessup Recognized on the U.S. News – Best Lawyers 2020 "Best Law Firms" List
11.01.2019

## Blog Posts

Can a Receiver for a Landlord Reject a Tenant's Lease to Retake Possession? | By: Peter A. Davidson
*Ask the Receiver*, 09.30.2025

Receiver Selling Property Outside The Jurisdiction Of The Receivership Court | By: Peter A. Davidson
*Ask the Receiver*, 06.25.2025

The Exception to the *Barton* Doctrine Contained in 28 U.S.C. §959(a) Does Not Apply to State Court Receivers | By: Peter A. Davidson
*Ask the Receiver*, 02.27.2025

Can the IRS Obtain a Receiver to Help Collect Taxes Owed? | By: Peter Davidson
*Ask the Receiver*, 09.17.2024

Can You Collaterally Attack a Receiver's Appointment?
*Ask the Receiver*, 08.26.2024

Is A Receiver's Property Manager Protected By The Barton Doctrine and Quasi-Judicial Immunity?
*Ask the Receiver*, 05.30.2024



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974   | T 310.273.6333   |   www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

Are IRS Claims Junior to Receivership Administrative Expenses?
*Ask the Receiver*, 04.29.2024

Is an Order Approving a Sale of Receivership Property Immediately Appealable?
*Ask the Receiver*, 01.09.2024

How To Handle the Cost of Producing Records From a Closed Receivership
*Ask the Receiver*, 12.06.2023

Can a Receivership Court Bar Third Party Claims?
*Ask the Receiver*, 10.03.2023

Is a Receiver Entitled to Interest on the Receiver's Awarded, but Unpaid, Fees?
*Ask the Receiver*, 09.08.2023

Can a Receivership Court Stay Pending Lawsuits?
*Ask the Receiver*, 07.31.2023

Can a Receiver Be Liable for Failure to Turnover Property When a Bankruptcy Is Filed?
*Ask the Receiver*, 06.20.2023

Partition Referees and Receivers have quasi-judicial immunity
*Ask the Receiver*, 05.01.2023

When Should A Receivership Be Terminated?
*Ask the Receiver*, 03.15.2023

Must A Receiver File An Inventory?
*Ask the Receiver*, 02.16.2023

What To Do If A Receiver Fails To File Monthly Reports?
*Ask the Receiver*, 01.23.2023

Can Bills In A Receivership Be Redacted?
*Ask the Receiver*, 12.21.2022

Does A Receiver Have To Comply With A Subpoena?
*Ask the Receiver*, 11.22.2022

What Duties Do Receivers Have To Creditors?
*Ask the Receiver*, 02.03.2022

Can a Discharged Receiver Be Sued Without Court Permission?
*Ask the Receiver*, 01.05.2022



# ERVIN COHEN & JESSUP LLP

Getting A Receiver In Aid Of Execution Just Got A Lot Harder
*Ask the Receiver*, 09.28.2021

When Were Receivers First Appointed In California?
*Ask the Receiver*, 08.03.2021

When Can a Court Refuse To Appoint a Receiver Under Health and Safety Code Section 17980.7c?
*Ask the Receiver*, 07.15.2021

Are Defendants Entitled To A Jury Trial In A Voidable Transfer Case?
*Ask the Receiver*, 03.03.2021

Can Receivers Reject Leases For The Benefit of Creditors?
*Ask the Receiver*, 02.03.2021

Can the Bankruptcy Court Appoint a Receiver?
*Ask the Receiver*, 10.07.2020

Coronavirus Advice for Creditors
*ECJ Blogs*, 03.23.2020

Can A Receiver Legally Divert Mail?
*Ask the Receiver*, 02.27.2020

Ask the Receiver: Using the Barton Rule or the Younger Doctrine to Dismiss Cases When Sued as Receiver
*Ask the Receiver*, 11.15.2019

Ask the Receiver: Can you be liable for your opponent's attorney's fees if you lose a receivership motion?
*Ask the Receiver*, 10.15.2019

In a Ponzi Scheme Are Referral and Broker Fees Recoverable?
*Ask the Receiver*, 07.17.2019

The Proper Procedure for A Receiver Hiring Counsel to be Paid by the Receivership Estate
*Ask the Receiver*, 06.11.2019

State Law Dictates Who May File Bankruptcy For A Corporation
*Ask the Receiver*, 02.14.2019

How Receivers Should Deal With Secret Liens
*Ask the Receiver*, 01.09.2019

Can A Federal Court Invalidate A State Court Receivership
*Ask the Receiver*, 08.22.2018



# ERVIN COHEN & JESSUP LLP

Selling Real Property In A Federal Receivership
*The Staff Report*, 07.16.2018

Receiver's Appointing Order Language Controls Who Can File A Corporate Bankruptcy
*Ask the Receiver*, 06.14.2018

Receiver's Use Of An Elisor When A Party On Title Won't Sign Documents
*Ask the Receiver*, 05.17.2018

Who Should Sign a Proof of Claim Form - Lawyer or Client?
*Ask the Receiver*, 12.27.2017

Can a Receiver Keep Fees If the Underlying Judgement is Reversed on Appeal?
*Ask the Receiver*, 11.29.2017

How Does a Receiver Sell the Homesteaded Home of a Judgment Debtor to Satisfy a Judgment?
*Ask the Receiver*, 09.13.2017

What Happens to a Creditor's Claim If It Received Notice and Fails to File by the Claim's Bar Date?
*Ask the Receiver*, 08.09.2017

In an operating receivership, do creditors need to be served with motions?
*Ask the Receiver*, 07.11.2017

Can a Receiver be Sued for Not Paying a Pre-Receiver Creditor?
*Ask the Receiver*, 06.07.2017

The Value of Interim Fee Orders
*Ask the Receiver*, 05.16.2017

The Difference Between Bankruptcy & Receivership Payment of Legal Fees to Defend Fee Applications
*Ask the Receiver*, 04.12.2017

Fore Warned: Fifth Circuit Sticks to its Guns
*Ask the Receiver*, 03.14.2017

Do Settlement Agreements Need to Be Approved by the Court?
*Ask the Receiver*, 01.09.2017

Receiver to Enforce a Judgement: Who Should be Served
*Ask the Receiver*, 12.15.2016

How do I distribute funds when one of the parties provides a social security number that is not his?
*Ask the Receiver*, 11.21.2016



# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

How does a creditor obtain relief from a receivership stay order?
*Ask the Receiver*, 11.08.2016

If a receiver discovers possible criminal wrongdoing, are they required to report it to authorities?
*Ask the Receiver*, 11.03.2016

Unauthorized Transfers of Receivership Property: Void, Voidable or Ok?
*Ask the Receiver*, 07.25.2016

What Can Be Done With Returned or Uncashed Distribution Checks?
*Ask the Receiver*, 07.11.2016

Do You Need a Confirmation Hearing When a Receiver is Appointed Ex Parte?
*Ask the Receiver*, 06.28.2016

Changes in California's Fraudulent Transfer Law
*Ask the Receiver*, 01.13.2016

Are Orders Approving a Receiver's Sale Appealable in State Court?
*Ask the Receiver*, 12.16.2015

Can The Defendant Set Aside A Sale Of Receivership Assets To A Buyer?
*Ask the Receiver*, 12.02.2015

Can A Receiver Be Appointed To Take Possession And Safeguard Transferred Property Pending Trial Of A Fraudulent Transfer Action?
*Ask the Receiver*, 11.18.2015

Can a Magistrate Appoint a Receiver?
*Ask the Receiver*, 08.05.2015

Is the Transfer of a Receivership Estate Asset Without Court Approval, Void or Voidable?
*Ask the Receiver*, 07.01.2015

Fore! Ponzi Scheme Lands The Golf Channel In The Rough
*Ask the Receiver*, 06.03.2015

Receiver's Sales Are Not Immediately Appealable In Federal Court
*Ask the Receiver*, 04.15.2015

Can a Receiver Reject a Lease like a Bankruptcy Trustee?
*Ask the Receiver*, 03.11.2015

Can a Receiver's Appointment Be Declared Void by Another Court?
*Ask the Receiver*, 02.25.2015



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974  |  T 310.273.6333  |  www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

Can A Receiver Take Over Out-of-State Assets With A California Appointment Order?
*Ask the Receiver*, 12.03.2014

Can A Receiver Be Appointed To Sell Intellectual Property To Satisfy A Judgment?
*Ask the Receiver*, 11.19.2014

Bankruptcy Bleak House—The Limited Ability of Bankruptcy Courts to Enter Final Judgments
*Ask the Receiver*, 10.15.2014

Stipulation Waiving the Final Accounting—Is it a Good Idea?
*Ask the Receiver*, 09.03.2014

Is there a Statute of Limitations on the Term of a Lease a Receiver can Execute?
*Ask the Receiver*, 08.20.2014

The Receiver is Thinking of Filing a Bankruptcy Petition for a Corporation in Receivership. As Counsel, if this Happens, are My Fees in Jeopardy?
*Ask the Receiver*, 08.06.2014

Can Investor/Creditor Recoveries from Third Parties Reduce Their Claims in a Receivership?
*Ask the Receiver*, 07.09.2014

Can I Be Sued By a Creditor in Nevada as a Receiver Appointed by the Court in California?
*Ask the Receiver*, 06.25.2014

When Does the Statute of Limitations Start to Run on Avoidance Claims Brought by a Receiver?
*Ask the Receiver*, 06.11.2014

Is a Receiver Disqualified if He or She is Related to a Party or a Judge?
*Ask the Receiver*, 05.28.2014

When a Receiver is Appointed Does this Prevent Former Officers & Directors from Filing a Bankruptcy Petition on Behalf of the Entity Placed in Receivership?
*Ask the Receiver*, 05.14.2014

In an Appealed Appointment, How Does a Receiver Get Paid if the Receivership is Terminated?
*Ask the Receiver*, 04.30.2014

Can a Receiver Be Liable for Acts or Omissions that Occurred in a Case After Discharge?
*Ask the Receiver*, 04.16.2014

Can an Appeal be Dismissed because the Appellant has Refused to Comply with Court Orders?
*Ask the Receiver*, 04.02.2014



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974  | T 310.273.6333  |  www.ecjlaw.com

EXHIBIT "3"
Page 25

# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

Receiver as a Lien Creditor
*Ask the Receiver*, 03.19.2014

Should Receivers Appear Only Through Counsel To Avoid Civil Liability?
*Ask the Receiver*, 03.05.2014

Can a State Court Receiver Appear in the Bankruptcy Court or the District Court on Behalf of the Receivership Estate?
*Ask the Receiver*, 02.19.2014

Appointing a Neutral Receiver
*Ask the Receiver*, 02.05.2014

When I Am Appointed as Receiver is there Anyone in Particular I Need to Notify?
*Ask the Receiver*, 01.22.2014

As a Receiver, Do I Need an Order From the Court to Sue Someone?
*Ask the Receiver*, 01.08.2014

## PUBLICATIONS

*In re Serta Simmons Bedding,* 125 F.4th 555 (5th Cir. 2024) | Case Summary & Author's Comment By: Chase A. Stone
*California Lawyers Assocation*, 04.15.2025

JJD-HOV Elk Grove, LLC v. Jo-Ann Stores, LLC | Case Summary By: Chase A. Stone
*California Lawyers Association*, 02.18.2025

Opportunities for Insisting on Independent Counsel
*Daily Journal*, 12.14.2023

*County of Sonoma v. U.S. Bank*: Court of Appeal Reaffirms Receivership Court's Power to Authorize Priority Certificates and Strip Liens
*Receivership News*, Spring 2021

Partner Byron Moldo Authors Article on Subchapter V of the US Bankruptcy Code for GGI Global Alliance
Subchapter V of the US Bankruptcy Code
*GGI Global Alliance's Debt Collection, Restructuring & Insolvency News*, 06.12.2020

Partner Byron Moldo Authors Article on Substantive Consolidation for GGI Global Alliance
Substantive Consolidation, its Application, and the Authority
10.11.2019



# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

When Breaking Up Is Hard, Call A Partition Referee
05.24.2016

## EVENTS

Upcoming ACFLS Webinar: Tactical Use of Receivers in Family Law Proceedings

A Closer Look at a Receiver's Superpowers: A Discussion with The California Receiver's Forum
Ervin, Cohen & Jessup LLP, 09.19.2024

Peter Davidson | California Receivers Forum Loyola X Symposium - Stump The Experts
Hyatt Regency Long Beach, Jan. 2024

Peter Selvin to Speak at Bankruptcy Battleground West Conference
The Maybourne Beverly Hills, 03.03.2022

Nuts and Bolts Part II: Unique Remedies for the Litigator – Partition, Anti-SLAPP, Alter Ego Attachment and More!
Online Event, 06.28.2021

Raising the White Flag: Why Consider Abandoning Bankruptcy to an Alternative Choice
Webinar, 05.14.2021

Partner Blake Alsbrook to Speak at California Receivers Forum's Webinar for Troubled Businesses
"Troubled Businesses 2020: Insolvency Strategies with Bankruptcy Judge Meredith Jury (Ret.) and Expert Panel"
Webinar, 07.22.2020

Partners Byron Moldo and Blake Alsbrook to Speak at CRF's Loyola VIII Symposium
Renaissance Hotel, Newport Beach, 01.24.2020

## SUCCESSES

Barry MacNaughton and Byron Moldo named "Legal Visionaries" By the Los Angeles Times

Twenty-Three Ervin, Cohen & Jessup Attorneys Recognized in the 2025 Editions of Best Lawyers in America & Best Lawyers: Ones To Watch

Byron Moldo Named Leading Bankruptcy Lawyer

Fifteen Ervin Cohen and Jessup Attorneys Named to 2024 Super Lawyers Lists

Los Angeles Business Journal Names Blake Alsbrook and Rusty Selmont as Leaders Thriving in Their 40's

Eighteen Ervin Cohen & Jessup Attorneys Recognized in 2024 Edition of Best Lawyers in America & Best Lawyers: Ones To Watch



# ERVIN COHEN & JESSUP LLP

RECEIVERSHIP, BANKRUPTCY, AND CREDITORS' RIGHTS SERVICES

Two Ervin Cohen & Jessup Attorneys Named Among The Next Generation Of Legal Leaders In America

ECJ Partners Randall Leff and Byron Moldo Named "Legal Visionaries" by the Los Angeles Times

Ervin Cohen & Jessup Expands Recognitions on the U.S. News – Best Lawyers 2022 "Best Law Firms" List

Partner Byron Moldo Named a Global Chairperson with Geneva Group International

Ervin Cohen & Jessup Expands Recognitions on the U.S. News – Best Lawyers 2021 "Best Law Firms" List

Ervin Cohen & Jessup Named Receiverships Law Firm of the Year

ECJ/Peter Davidson Win Award for Restructuring of Georges Marciano Estate

# ERVIN COHEN & JESSUP LLP



## BYRON Z. MOLDO
### PARTNER

bmoldo@ecjlaw.com
Direct 310.281.6354

**Byron Z. Moldo is a Partner and Chair of Receivership, Bankruptcy, and Creditors' Rights Services.**

Born and raised in Los Angeles, Byron's entire legal career has specialized in bankruptcy, receivership, assignments for the benefit of creditors and all aspects of insolvency. He regularly serves as a Receiver in state and federal court cases, as assignee for the benefit of creditors and as a fiduciary in other court-supervised matters. In addition, a substantial portion of his work consists of serving as general or special counsel to receivers, bankruptcy trustees and other fiduciaries. He also represents creditors' committees and secured creditors, and has been appointed as a Disbursing Agent, Chapter 11 Plan Confirmation Agent and to serve in other fiduciary capacities.

Byron previously served as a Chapter 7 and 11 Bankruptcy Trustee in the Central District of California for approximately ten years. He also serves as a mediator for the Bankruptcy Mediation Program of the Central District of California, and the United States District Court for the Central District of California. He regularly speaks at, and writes materials for continuing legal education seminars related to bankruptcy and receivership. He is admitted to practice in all state and federal courts in California.

Throughout his career Byron has volunteered substantial time by working with children in local sports, and participating in events sponsored by Crossroads School and Windward School where his children attended.

Byron's passions include wine, food and travel.

PAST EMPLOYMENT

- Moldo Davidson Fraioli Seror & Sestanovich LLP, Los Angeles, California, Partner

### EDUCATION

J.D., Southwestern Law School

B.A., University of California, Los Angeles

### PRACTICE AREAS

Litigation and Alternative Dispute Resolution

Receivership, Bankruptcy, and Creditors' Rights Services

### ADMISSIONS

California



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974   | T 310.273.6333   |  www.ecjlaw.com

EXHIBIT "3"

Page 29

# ERVIN COHEN & JESSUP LLP

## HONORS & RECOGNITIONS

500 Leading Global Bankruptcy & Restructuring Lawyers, *Lawdragon,* 2025

Legal 'Visionary', *L.A. Times, Business of Law, 2022*

Best Lawyers in America, 2019-2026

Super Lawyers: Southern California Super Lawyers, 2009-2025

## COMMUNITY & PROFESSIONAL

GGI Geneva Group International, Global Chairperson, Debt Collection, Restructuring and Insolvency Practice Group

National Association of Federal Equity Receivers (NAFER), Full Member; Chairperson-Membership Committee

California Bankruptcy Forum, Los Angeles/Orange County Chapter

California Receiver's Forum

State Bar of California, Business Law Section, Legislation Subcommittee, Chair

State Bar of California, Business Law Section, Insolvency Law Committee

Los Angeles Bankruptcy Forum

Beverly Hills Bar Association

Westwood Bar Association, Former President

Southern California Bankruptcy Inns of Court, Founding Member

## CLIENT ALERTS

Byron Moldo Joins Andy Serbe on *Legal Lens* to Discuss Retail Bankruptcies
*ION Analytics*, 08.27.2025

34 Ervin Cohen & Jessup Attorneys Named "Best Lawyers In America"
08.21.2025

Two Ervin Cohen & Jessup Partners Named 'Leading Global Bankruptcy Lawyers'
07.07.2025



# ERVIN COHEN & JESSUP LLP

Partner Byron Moldo Quoted In The Los Angeles Times
*Los Angeles Times*, 07.07.2022

Partner Byron Moldo Quoted in the Guardian on the Mega-Mansion "The One"
03.04.2022

Partner Byron Moldo Quoted In The Los Angeles Times
*Los Angeles Times*, 03.01.2022

Byron Moldo Featured By MoneyGeek Discussing Paying Off Debt in Collections
*MoneyGeek*, 03.2021

Partner Byron Moldo Discusses the Financial Fallout of the Pandemic in the LA Business Journal's Bankruptcy
Roundtable
*Los Angeles Business Journal*, 07.29.2020

ECJ Partner Byron Moldo Quoted In The Southern California Record
Bankruptcy Attorneys Prepare For An Onslaught Of Filings Post COVID-19, But There Are Alternatives
*Southern California Record* , 04.15.2020

Two Ervin Cohen & Jessup Partners Selected to Geneva Group International Leadership
11.14.2018

ECJ's Byron Moldo Weighs In on Bankruptcy of Large Beverly Hills Media Company
08.06.2015

## Blog Posts

Coronavirus Advice for Creditors
ECJ Blogs, 03.23.2020

## Publications

Subchapter V of the US Bankruptcy Code
*GGI Global Alliance's Debt Collection, Restructuring & Insolvency News*, 06.12.2020

Substantive Consolidation, its Application, and the Authority
10.11.2019

When Breaking Up Is Hard, Call A Partition Referee
05.24.2016

Relativity Bankruptcy Auction: Speed Is an Issue
*Contributing Member, Variety*, 08.2015



ERVIN COHEN & JESSUP LLP

An Interview: Judge Dean Pregerson
*Receivership News*, Summer 2015

## SPEAKING ENGAGEMENTS

Raising the White Flag: Why Consider Abandoning Bankruptcy to an Alternative Choice
California Bankruptcy Forum, Webinar, 05.14.2021

GGI Debt Collection, Restructuring & Insolvency Webinar
Geneva Group International, Live Webcast, 12.01.2020

"Ask the Receiver"
CRF Loyola VIII Symposium, Renaissance Hotel, Newport Beach, 01.24.2020

Can That Be Included Too? Expanding the Scope of the Receivership.
National Association of Federal Equity Receivers, Scottsdale, AZ, 10.18.2019

Substantive Consolidation
GGI's Best Practices & Marketing Professionals Conference, Wichita, Kansas, 09.19.2019

Practice Tips and Issues at the Intersection of Litigation and Bankruptcy/Receivership Matters
GGI Pan-American Regional Conference, Houston, TX, 06.2019

Health & Safety Receiverships: Legal Breakthroughs and Lessons from the Trenches
California Receivers Forum, Costa Mesa, CA, 06.2019

Money, Money, Money: Tax, Insurance, Expenses and Reporting
National Association of Federal Equity Receivers, Washington, D.C., 10.13.2016

Locating and Recovering Hidden or Concealed Assets
PFAC Conference, Indian Wells, CA, 06.2016

Sales Free and Clear for Business and Realty – Does it Matter What Type of Property?
Loyola VI Receivership Symposium, Irvine, CA, Jan. 2015

Growing Your Real Estate Brokerage Business By Expanding Into New Markets
CCIM (Certified Commercial Investment Member), Los Angeles, CA, 05.2013

Real Estate Receiverships
CEB, Los Angeles, CA, 09.2012

## SUCCESSES

Byron Moldo Named Leading Bankruptcy Lawyer



# ERVIN COHEN & JESSUP LLP

Fifteen Ervin Cohen and Jessup Attorneys Named to 2024 Super Lawyers Lists

Ten Ervin Cohen & Jessup Attorney Named "Best Lawyers In America" And Two Named "Ones To Watch"

Eighteen Ervin Cohen & Jessup Attorneys Recognized in 2024 Edition of Best Lawyers in America & Best Lawyers: Ones To Watch

ECJ Partners Randall Leff and Byron Moldo Named "Legal Visionaries" by the Los Angeles Times

Partner Byron Moldo Named a Global Chairperson with Geneva Group International

Ervin Cohen & Jessup Named Receiverships Law Firm of the Year



# ERVIN COHEN & JESSUP LLP



## PETER A. DAVIDSON

### SENIOR PARTNER

pdavidson@ecjlaw.com
Direct 310.281.6363

Peter A. Davidson is a Senior Partner in the Receivership, Bankruptcy, and Creditors' Rights Department.

Since 1977 Peter has represented receivers, plaintiffs and defendants in receivership actions in state and federal court and trustees, creditors' committees, secured creditors and debtors in the bankruptcy court. He has also acted as a receiver, a conservator and a court appointed monitor.

His Receivership, Conservator and Monitor assignments have included enforcement cases brought by government agencies, such as the California Department of Business Oversight, Attorney General, Federal Trade Commission, Commodities Futures Trading Commission and Securities and Exchange Commission involving: Ponzi Schemes, consumer fraud, real estate limited partnerships, mining, numismatics, cellular telephone licenses, health maintenance organizations, money order companies, escrow companies, telephone companies, mortgage companies, finance companies, and personal property brokers; partnership and corporate disputes and dissolutions including law firm dissolutions and manufacturers; rents, issues and profits receiverships involving ongoing businesses, apartment buildings and office buildings. Bankruptcy matters have included all aspects of representing trustees, corporate and individual debtors, creditors and creditors' committees in Chapter 11 and Chapter 7 bankruptcy cases.

Peter is the author of the book *Ask the Receiver* and writes a column and blog by that name. He is the author of numerous published articles, lectures regularly on receivership and bankruptcy topics and has been featured on the cover of Los Angeles Lawyer magazine. He was also the initial editor of *Receivership News.*

Past Employment

### EDUCATION

J.D., University of California, Los Angeles, School of Law

B.A., University of California, Los Angeles, *cum laude*

### PRACTICE AREAS

Litigation and Alternative Dispute Resolution

Receivership, Bankruptcy, and Creditors' Rights Services

### ADMISSIONS

California

U.S. District Court, Central District of California

U.S. District Court, Eastern District of California

U.S. District Court, Northern District of California
U.S. District Court, Southern District of California

U.S. District Court, Northern District of Texas
U.S. Court of Appeals for the Ninth Circuit

U.S. Supreme Court



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974    | T 310.273.6333    |    www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

- Moldo Davidson Fraioli Seror & Sestanovich LLP, Los Angeles, California, Managing Partner

## HONORS & RECOGNITIONS

Robert C. Warren Memorial Award for Excellence in Service and Vision, 2013, California Receivers Forum

M&A Advisor Turnaround Award, Cross-Border Restructuring Deal of the Year (over $100MM to $1 Billion), Restructuring of Georges Marciano Estate (representing Creditors Committee), 2014

Global Award, Bankruptcy & Restructuring, *Corporate LiveWire*, 2015 & 2016

Best Lawyers in America, 2008 – 2026

Super Lawyers: Southern California Super Lawyers, 2009–2025

Lawdragon 3000 Honoree for excellence and leadership in the legal profession, 2007

## COMMUNITY & PROFESSIONAL

Los Angeles Bankruptcy Forum, 1994 – 1995, President, Board of Directors 1989 – 1996

California Bankruptcy Forum, 1994 – 1997, Board of Directors

California Receivers Forum, 1997 – 2003; 2012 – 2015, Board of Directors

California Receivers Forum/Los Angeles-Orange County Chapter, 1995 – 2017, Board of Directors

California Receivers Forum/Los Angeles-Orange County Chapter, 2000, 2011 – 2017, Co-President

California Bankruptcy Journal Corporation, 1989 – 2017, Board of Directors, Secretary 1998 – 2017, Treasurer 1989 – 1995

Los Angeles County Bar Association, Remedies Section, 1985 – 2018, Executive Committee, Chair 2006 – 2007

Los Angeles Superior Court, 1993, 1995, Ad Hoc Committee on Receivership

State Bar of California, Business Law Section, 1988 – 1991, Debtor/Creditor Relations and Bankruptcy Committee

## CLIENT ALERTS

34 Ervin Cohen & Jessup Attorneys Named "Best Lawyers In America"
08.21.2025



# ERVIN COHEN & JESSUP LLP

Peter A. Davidson

Peter Davidson Quoted in Business Insider, "Rudy Giuliani can't make his $148 million defamation judgment go away even if he can't pay"
*Business Insider*, 12.22.2023

## Blog Posts

Can a Receiver for a Landlord Reject a Tenant's Lease to Retake Possession? | By: Peter A. Davidson
Ask the Receiver, 09.30.2025

Receiver Selling Property Outside The Jurisdiction Of The Receivership Court | By: Peter A. Davidson
Ask the Receiver, 06.25.2025

Using Cal. Civ. Pro. §564(b)(9) To Get A Receiver Appointed | By: Peter A. Davidson
Ask the Receiver, 05.05.2025

The Exception to the *Barton* Doctrine Contained in 28 U.S.C. §959(a) Does Not Apply to State Court Receivers | By: Peter A. Davidson
Ask the Receiver, 02.27.2025

The Ultra Vires Exception to the *Barton* Doctrine is Very Narrow | By: Peter A. Davidson
Ask the Receiver, 02.12.2025

Can the IRS Obtain a Receiver to Help Collect Taxes Owed? | By: Peter Davidson
Ask the Receiver, 09.17.2024

Can You Collaterally Attack a Receiver's Appointment?
Ask the Receiver, 08.26.2024

Is A Receiver's Property Manager Protected By The Barton Doctrine and Quasi-Judicial Immunity?
Ask the Receiver, 05.30.2024

Are IRS Claims Junior to Receivership Administrative Expenses?
Ask the Receiver, 04.29.2024

Is an Order Approving a Sale of Receivership Property Immediately Appealable?
Ask the Receiver, 01.09.2024

How To Handle the Cost of Producing Records From a Closed Receivership
Ask the Receiver, 12.06.2023

Can a Receivership Court Bar Third Party Claims?
Ask the Receiver, 10.03.2023



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974  | T 310.273.6333  |  www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

Peter A. Davidson

Is a Receiver Entitled to Interest on the Receiver's Awarded, but Unpaid, Fees?
Ask the Receiver, 09.08.2023

Can a Receivership Court Stay Pending Lawsuits?
Ask the Receiver, 07.31.2023

Can a Receiver Be Liable for Failure to Turnover Property When a Bankruptcy Is Filed?
Ask the Receiver, 06.20.2023

Partition Referees and Receivers have quasi-judicial immunity
Ask the Receiver, 05.01.2023

When Should A Receivership Be Terminated?
Ask the Receiver, 03.15.2023

Must A Receiver File An Inventory?
Ask the Receiver, 02.16.2023

What To Do If A Receiver Fails To File Monthly Reports?
Ask the Receiver, 01.23.2023

Can Bills In A Receivership Be Redacted?
Ask the Receiver, 12.21.2022

Does A Receiver Have To Comply With A Subpoena?
Ask the Receiver, 11.22.2022

What Duties Do Receivers Have To Creditors?
Ask the Receiver, 02.03.2022

Can a Discharged Receiver Be Sued Without Court Permission?
Ask the Receiver, 01.05.2022

Getting A Receiver In Aid Of Execution Just Got A Lot Harder
Ask the Receiver, 09.28.2021

When Were Receivers First Appointed In California?
Ask the Receiver, 08.03.2021

When Can a Court Refuse To Appoint a Receiver Under Health and Safety Code Section 17980.7c?
Ask the Receiver, 07.15.2021

Are Defendants Entitled To A Jury Trial In A Voidable Transfer Case?
Ask the Receiver, 03.03.2021



# ERVIN COHEN & JESSUP LLP

PETER A. DAVIDSON

Can Receivers Reject Leases For The Benefit of Creditors?
Ask the Receiver, 02.03.2021

Can the Bankruptcy Court Appoint a Receiver?
Ask the Receiver, 10.07.2020

Can A Receiver Legally Divert Mail?
Ask the Receiver, 02.27.2020

Ask the Receiver: Using the Barton Rule or the Younger Doctrine to Dismiss Cases When Sued as Receiver
Ask the Receiver, 11.15.2019

Ask the Receiver: Can you be liable for your opponent's attorney's fees if you lose a receivership motion?
Ask the Receiver, 10.15.2019

In a Ponzi Scheme Are Referral and Broker Fees Recoverable?
Ask the Receiver, 07.17.2019

The Proper Procedure for A Receiver Hiring Counsel to be Paid by the Receivership Estate
Ask the Receiver, 06.11.2019

State Law Dictates Who May File Bankruptcy For A Corporation
Ask the Receiver, 02.14.2019

How Receivers Should Deal With Secret Liens
Ask the Receiver, 01.09.2019

Can A Federal Court Invalidate A State Court Receivership
Ask the Receiver, 08.22.2018

Selling Real Property In A Federal Receivership
The Staff Report, 07.16.2018

Receiver's Appointing Order Language Controls Who Can File A Corporate Bankruptcy
Ask the Receiver, 06.14.2018

Receiver's Use Of An Elisor When A Party On Title Won't Sign Documents
Ask the Receiver, 05.17.2018

Who Should Sign a Proof of Claim Form - Lawyer or Client?
Ask the Receiver, 12.27.2017

Can a Receiver Keep Fees If the Underlying Judgement is Reversed on Appeal?
Ask the Receiver, 11.29.2017



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974   | T 310.273.6333   | www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

Peter A. Davidson

How Does a Receiver Sell the Homesteaded Home of a Judgment Debtor to Satisfy a Judgment?
Ask the Receiver, 09.13.2017

What Happens to a Creditor's Claim If It Received Notice and Fails to File by the Claim's Bar Date?
Ask the Receiver, 08.09.2017

In an operating receivership, do creditors need to be served with motions?
Ask the Receiver, 07.11.2017

Can a Receiver be Sued for Not Paying a Pre-Receiver Creditor?
Ask the Receiver, 06.07.2017

The Value of Interim Fee Orders
Ask the Receiver, 05.16.2017

The Difference Between Bankruptcy & Receivership Payment of Legal Fees to Defend Fee Applications
Ask the Receiver, 04.12.2017

Fore Warned: Fifth Circuit Sticks to its Guns
Ask the Receiver, 03.14.2017

Do Settlement Agreements Need to Be Approved by the Court?
Ask the Receiver, 01.09.2017

Receiver to Enforce a Judgement: Who Should be Served
Ask the Receiver, 12.15.2016

How do I distribute funds when one of the parties provides a social security number that is not his?
Ask the Receiver, 11.21.2016

How does a creditor obtain relief from a receivership stay order?
Ask the Receiver, 11.08.2016

If a receiver discovers possible criminal wrongdoing, are they required to report it to authorities?
Ask the Receiver, 11.03.2016

Unauthorized Transfers of Receivership Property: Void, Voidable or Ok?
Ask the Receiver, 07.25.2016

What Can Be Done With Returned or Uncashed Distribution Checks?
Ask the Receiver, 07.11.2016

Do You Need a Confirmation Hearing When a Receiver is Appointed Ex Parte?
Ask the Receiver, 06.28.2016



# ERVIN COHEN & JESSUP LLP

Changes in California's Fraudulent Transfer Law
Ask the Receiver, 01.13.2016

Are Orders Approving a Receiver's Sale Appealable in State Court?
Ask the Receiver, 12.16.2015

Can The Defendant Set Aside A Sale Of Receivership Assets To A Buyer?
Ask the Receiver, 12.02.2015

Can A Receiver Be Appointed To Take Possession And Safeguard Transferred Property Pending Trial Of A
Fraudulent Transfer Action?
Ask the Receiver, 11.18.2015

Can a Magistrate Appoint a Receiver?
Ask the Receiver, 08.05.2015

Is the Transfer of a Receivership Estate Asset Without Court Approval, Void or Voidable?
Ask the Receiver, 07.01.2015

Fore! Ponzi Scheme Lands The Golf Channel In The Rough
Ask the Receiver, 06.03.2015

Receiver's Sales Are Not Immediately Appealable In Federal Court
Ask the Receiver, 04.15.2015

Can a Receiver Reject a Lease like a Bankruptcy Trustee?
Ask the Receiver, 03.11.2015

Can a Receiver's Appointment Be Declared Void by Another Court?
Ask the Receiver, 02.25.2015

Can A Receiver Take Over Out-of-State Assets With A California Appointment Order?
Ask the Receiver, 12.03.2014

Can A Receiver Be Appointed To Sell Intellectual Property To Satisfy A Judgment?
Ask the Receiver, 11.19.2014

Bankruptcy Bleak House—The Limited Ability of Bankruptcy Courts to Enter Final Judgments
Ask the Receiver, 10.15.2014

Stipulation Waiving the Final Accounting—Is it a Good Idea?
Ask the Receiver, 09.03.2014

Is there a Statute of Limitations on the Term of a Lease a Receiver can Execute?
Ask the Receiver, 08.20.2014



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974    | T 310.273.6333    |   www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

PETER A. DAVIDSON

The Receiver is Thinking of Filing a Bankruptcy Petition for a Corporation in Receivership. As Counsel, if this Happens, are My Fees in Jeopardy?
Ask the Receiver, 08.06.2014

Can Investor/Creditor Recoveries from Third Parties Reduce Their Claims in a Receivership?
Ask the Receiver, 07.09.2014

Can I Be Sued By a Creditor in Nevada as a Receiver Appointed by the Court in California?
Ask the Receiver, 06.25.2014

When Does the Statute of Limitations Start to Run on Avoidance Claims Brought by a Receiver?
Ask the Receiver, 06.11.2014

Is a Receiver Disqualified if He or She is Related to a Party or a Judge?
Ask the Receiver, 05.28.2014

When a Receiver is Appointed Does this Prevent Former Officers & Directors from Filing a Bankruptcy Petition on Behalf of the Entity Placed in Receivership?
Ask the Receiver, 05.14.2014

In an Appealed Appointment, How Does a Receiver Get Paid if the Receivership is Terminated?
Ask the Receiver, 04.30.2014

Can a Receiver Be Liable for Acts or Omissions that Occurred in a Case After Discharge?
Ask the Receiver, 04.16.2014

Can an Appeal be Dismissed because the Appellant has Refused to Comply with Court Orders?
Ask the Receiver, 04.02.2014

Receiver as a Lien Creditor
Ask the Receiver, 03.19.2014

Should Receivers Appear Only Through Counsel To Avoid Civil Liability?
Ask the Receiver, 03.05.2014

Can a State Court Receiver Appear in the Bankruptcy Court or the District Court on Behalf of the Receivership Estate?
Ask the Receiver, 02.19.2014

Appointing a Neutral Receiver
Ask the Receiver, 02.05.2014

When I Am Appointed as Receiver is there Anyone in Particular I Need to Notify?
Ask the Receiver, 01.22.2014



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974    | T 310.273.6333    |    www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

## PUBLICATIONS

Professional Profile: Peter A. Davidson – Mr. "Ask the Receiver"
*Receivership News*, 2018

"Expert: Burden Falls on Wilpons"
*ESPN.com (Media Appearance)*, 02.2011

"Joke Over for Comedy Brand?"
*Los Angeles Business Journal, Media Appearance*, 02.2011

How to Avoid a Costly 'Free Lunch'
*Media Appearance, The Faster Times – Personal Finance*, 07.2010

Is it Time to File for Bankruptcy
*Media Appearance, KTLA (Channel 5), Inside the Law*, 04.2010

Going for Broke
*Media Appearance, Los Angeles Business Journal*, 04.2010

Dissecting Ponzi Schemes in Light of Madoff and other Fraudulent Cases
*Recovering Lost Assets in Ponzi Schemes (Aspatore Special Report)*, 2009

Ask the Receiver
*A column, Receivership News*

Battle on the Home Front
*Media Appearance, ABA Journal*, 08.2009

Trial Style Media
*Profile, Trial Style*, 03.2009

Recovering Madoff's Victims' Money
*Media Appearance, Fox Business Network*, 03.2009

Madoff Ponzi Scheme
*Media Appearance, TruTv, Open Court*, 03.2009

Recent Trends and Strategies in Pursuing Fraudulent Transfer Claims
*Understanding Fraudulent Transfers (Aspatore, Inc.)*, 2009

Profiting from the Liquidations Boom
*Media Appearance, CNN Money.com*, 12.2008



# ERVIN COHEN & JESSUP LLP

PETER A. DAVIDSON

Building on Quicksand: Insolvency in the Home Building and Supply Industry
*The Industries Most at Risk in Bankruptcy (Aspatore, Inc.)*, 2008

Should Mortgages be Modified in Chapter 13
*Media Appearance, Bankruptcy Court Decisions*, 11.2008

Dos and Don'ts for the Unsecured Creditor
*Media Appearance, Homechannelnews.com*, 09.2008

Negotiations underway for Pendum buyout
*Media Appearance, ATMmarketplace.com*, 06.2008

Wise Receivers
*Cover Story, Los Angeles Lawyer*, 03.2008

Strike Threatens To Push Businesses, Consumers Over the Edge
*Media Appearance, Bankruptcy Court Decisions*, 12.2007

168 Hours of Television
*Media Appearance, Blog Talk Radio*, 11.2007

The IRS Is Your Friend: How Trustees Can Use Tax Liens To Weave Straw Into Gold
*29 Cal. Bankr. J. 191*, 2007

Chris and Tony Morning Show
*Media Appearance, Chris and Tony Morning Show, K104 Radio N.Y.*, 11.2007

Writers' Strike's Wide Ripples
*Media Appearance, The Christian Science Monitor*, 11.2007

Ruling Could Jeopardize Subprime RMBS
*Media Appearance, Debt & Equity Journal*, 11.2007

Madison in the Morning Media Appearance
*Madison in the Morning, 1310 WIBA*, 11.2007

Phil Spector Murder Trial
*Media Appearance, Court TV, Bloom & Politan*, 06.2007

Fraud: Think You Can't be Taken?
*Media Appearance, REIP the Rewards*, 10.2006

Getting in Through the Back Door: Using the Federal Debt Collection Procedures Act to Pursue Otherwise Time Barred Fraudulent Transfer and Preference Claims
*Journal of the National Association of Bankruptcy Trustees, Vol. 20, No. 4.*, Winter 2004



# ERVIN COHEN & JESSUP LLP

Fraudulent Transfer Statute of Limitations: A New Wrinkle
*Los Angeles County Bar Association Provisional and Post-Judgment Remedies Newsletter*, Summer 2001

Pictures at 11:00 – Judgment Debtors Exams are Public Proceedings
*Los Angeles County Bar Association Provisional and Post-Judgment Remedies Newsletter*, Winter 2000

Finding and Administering Assets
*Co-Author, Journal of the National Association of Bankruptcy Trustees, Vol. 15, No.3*, 09.30.1999

Amendment to California Code of Civil Procedure §569
1998

Recovering Fraudulent Transfers in Ponzi Schemes: A Primer
*24 Cal.Bankr.J. 115*, 1998

A Wrongheaded Bankruptcy Reform Law
*Los Angeles Lawyer*, 11.1998

More Answers to Common Receivership Questions
*Co-Author, Los Angeles County Bar Association Provisional & Post-Judgment Remedies Newsletter*, Winter 1997

Pursuing Fraudulent Transfers Arising From Ponzi Schemes
*Journal of The National Association of Bankruptcy Trustees, Vol. 13, No. 3*, Fall 1997

Answers to Common Receivership Questions
*Co-Author, Los Angeles County Bar Association Provisional & Post-Judgment Remedies Newsletter*, Summer 1995

Using Receivers in Arbitration Proceedings: The Wrong Way & The Right Way
*Los Angeles County Bar Association Provisional & Post-Judgment Remedies Newsletter*, Summer 1994

Updated Thoughts on Bayside and on Avoiding One Form of Action Problems in Receiverships
*Los Angeles County Bar Association Real Property Section Newsletter*, 11.1993

ZZZ Best – Ordinary Course Protection for Long-Term Debt
*20 Cal. Bankr. J. 45*, 1992

Avoiding One Form of Action Problems When Using a Receiver
*Los Angeles County Bar Association Provisional Post-Judgment Remedies Newsletter*, Spring 1992

*Grogan v. Garner:* Nondischargeability by a Preponderance
*19 Cal. Bankr. J. 71*, 1991

Jury Trials: The Bankruptcy Court Dilemma
*Co-Author, Los Angeles Lawyer*, 07.1990



# ERVIN COHEN & JESSUP LLP

*Granfinanciera, S.A., et al. v. Nordberg, et al.*: Jury Trials Come to the Bankruptcy Court-Maybe
*17 Cal. Bankr. J. 207, 1989*

Finding and Administering Assets
*Co-Author, Journal of the National Association of Bankruptcy Trustees, Vol. 15, No.3*

## SPEAKING ENGAGEMENTS

State Regulators Also Use Receivers: When, Why and How | National Association of Federal Equity Receivers
Conference
Santa Barbara, California, 10.29.2024

Peter Davidson | California Receivers Forum Loyola X Symposium - Stump The Experts
Hyatt Regency Long Beach, Jan. 2024

Sales Free and Clear for Business and Realty – Does it Matter What Type of Property?
Loyola VI Receivership Symposium, Irvine, CA, Jan. 2015

Remedies for Lawyers Who Find Themselves in Bankruptcy Court
Los Angeles County Bar Association Remedies Section and Commercial Law and Bankruptcy Section, 2014

Receiverships Inc.: Corporations, Partnerships & LLC's Acting As Receivers
Los Angeles/Orange County Receivers Forum, 2013

Personal Liability of Receivers
California Receivers Forum Loyola V Complex Case Symposium, 2013

Lessons from the Trenches: Making Receiverships More Efficient for Judges, Lenders, Borrowers and Receivers
Los Angeles County Bar Association, Remedies Section, 2012

Receivership Questions and Answers
California Receivers Forum Loyola IV, 2011

Receivership Risks and Liability: How to Avoid Both
Los Angeles County Bar Association, Remedies Section, 2010

Ask a Receiver
22nd Annual Insolvency Conference, 2010

Ponzi Schemes, Receivers & Fraudulent Transfers—What Happens When the Pyramid Collapses
Los Angeles County Bar Association, Remedies Section, 2010

Receiver's Rights and Risks, Compensation of Receivers and Professionals
California Receiver's Forum, Loyola Law School Seminar, 2009



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974   | T 310.273.6333   |   www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

Receiverships
Los Angeles County Bar Association, Remedies Section, 2006

Multistate Receivership Issues
Los Angeles/Orange County Receivers Forum, 2006

Receiver's Powers and Liabilities
Los Angeles/Orange County Receivers Forum, 2005

Regulatory Receiverships
California Receivers Forum, Loyola Law School Seminar, 2004

Receiver's Rights and Risks
California Receivers Forum, Loyola Law School Seminar, 2004

Collecting Restitution Judgments
Los Angeles District Attorney Welfare Fraud Division, 2004

Maximizing Recoveries on Asset-Based Loans
California Receivers Forum & California Bankers Association, 2003

Receiverships: Use and Practice
CMA Business Credit Services, 2003

Using Receiverships in Real Estate Fraud Cases
California District Attorneys Association, Real Estate Fraud Seminar, 2002

Selling and Buying Assets from Receivership Estates
Los Angeles/Orange County Receivers Forum, 2002

Receiverships in the New Millennium
2000

California Receivers Forum Conference
1999

Finding and Administering Assets
National Association of Bankruptcy Trustees, 1999

Equity Receiverships
Los Angeles/Orange County Receiver's Forum, 1998

Fraudulent Conveyances and Ponzi Schemes
National Association of Bankruptcy Trustees, 1997



ERVIN COHEN & JESSUP LLP

Receiverships: Beyond the Basics
Los Angeles County Bar Association, 1994

Fundamentals of Bankruptcy Law & Procedure in California
National Business Institute, 1993

Remedies During a Recession
Los Angeles County Bar CLE Convention, 1993

Basic Bankruptcy in California
National Business Institute, 1992

How to Obtain and Use a Receiver
Los Angeles County Bar CLE Convention, 1992

Pre-Judgment Remedies 1: A Primer Course
Los Angeles County Bar Association, 1988

## SUCCESSES

Twenty-Three Ervin, Cohen & Jessup Attorneys Recognized in the 2025 Editions of Best Lawyers in America & Best Lawyers: Ones To Watch

Fifteen Ervin Cohen and Jessup Attorneys Named to 2024 Super Lawyers Lists

Ten Ervin Cohen & Jessup Attorney Named "Best Lawyers In America" And Two Named "Ones To Watch"

Eighteen Ervin Cohen & Jessup Attorneys Recognized in 2024 Edition of Best Lawyers in America & Best Lawyers: Ones To Watch

Ervin Cohen & Jessup Named Receiverships Law Firm of the Year

ECJ/Peter Davidson Win Award for Restructuring of Georges Marciano Estate





# ERVIN COHEN & JESSUP LLP

## BLAKE C. ALSBROOK

### Partner

balsbrook@ecjlaw.com
Direct 310.281.6349

Blake is a court-appointed fiduciary and counsel for prominent fiduciaries throughout the nation in high stakes matters, such as follows:

- Equity Receiverships: Blake takes control over, operates, and sells all types of businesses and assets involved in civil litigation.

- Family Code Receiverships: Blake is appointed as receiver in divorce proceedings to take control over assets and family businesses to enforce Court orders and end deceptive and fraudulent practices by the controlling spouse.

- Rents and Profits Receiverships: Blake manages real property throughout California as a receiver appointed by lenders.

- Health and Safety Code Receiverships: Blake is regularly appointed by cities and counties throughout California to remediate problem properties.

- Regulatory Receiverships: Blake is appointed by federal and state agencies in a wide range of enforcement actions.

- Partition Actions: Blake is regularly appointed as a partition referee to sell property owned by tenants in common throughout California.

- Successor Trustee Appointments: Blake is regularly appointed as a successor trustee to replace acting trustees who are abusing their authority or failing to act pursuant to the terms of the trust.

- Provisional Directorships: Where boards of directors are deadlocked, Blake is often brought in as a court-appointed or private provisional director to cast tiebreaking votes and serve the interests of various businesses.

In addition to advising fiduciaries on the impact of California and federal law on their practice, Blake has significant civil litigation experience defending and prosecuting actions on behalf of receivers and businesses, and regularly practices and argues before the California Court of Appeal and the United States Bankruptcy Court.

### EDUCATION

J.D., University of Michigan Law School, *cum laude*

B.A., University of California, Santa Barbara, Political Science

### PRACTICE AREAS

Receivership, Bankruptcy, and Creditors' Rights Services

### ADMISSIONS

California



# ERVIN COHEN & JESSUP LLP

## REPRESENTATIVE MATTERS

Currently appointed as Receiver in 20 matters pending before the Los Angeles Superior Court's Civil, Probate, and Family Law Divisions; the Orange County Superior Court; the San Bernardino County Superior Court; the San Francisco Superior Court; and the United States District Court for the Central District of California.

Appointed as Receiver in Orange County Superior Court family law dispute over $250M real estate portfolio including hotels, restaurants, and beachside real estate in Laguna Beach. Settlement reached between parties within six months of appointment.

Appointed as rents and profits Receiver over $20M+ retail and multifamily real property in West Los Angeles involved in complicated multiparty foreclosure and voidable transfer suit.

Appointed as Receiver in numerous Health and Safety Code receiverships over troubled properties throughout the state. Completed remediation, removal of vagrants, and cleanup of nuisance and environmentally contaminated properties across California.

Appointed as Receiver to relocate tenants and assist in major environmental remediation of property directed by Los Angeles Regional Water Quality Board in South Los Angeles.

Appointed as Receiver in Los Angeles Superior Court business dispute over major $100M+ Downtown Los Angeles mixed use property with more than 100 tenants.

Appointed as Receiver over multiple, significant multi-family real properties in Northeast Los Angeles.

Appointed as Receiver by United States District Court over $100M jewel collection.

Achieved disputed $75M sale of Orange County business in satisfaction of judgment as lead counsel for post-judgment receiver.

Achieved contested receiver sales of multiple San Francisco apartment buildings and defended Superior Court's orders in Court of Appeal and United States Bankruptcy Court.

Represented receiver of a low-income housing developer that perpetrated $100M+ fraud against California cities and banks in Los Angeles Superior Court complex division and directed India litigation team.

Briefed and prevailed before California Court of Appeal and California Supreme Court, *City of Sierra Madre v. SunTrust Mortgage, Inc.* (2019) 32 Cal. App.5th 648, review denied (May 22, 2019), resulting in pivotal published opinion on receivership law.



# ERVIN COHEN & JESSUP LLP

Blake C. Alsbrook

## HONORS & RECOGNITIONS

500 Leading Global Bankruptcy & Restructuring Lawyers, *Lawdragon,* 2025

Fifteen Ervin Cohen and Jessup Attorneys Named to 2024 Super Lawyers Lists

Los Angeles Business Journal Names Blake Alsbrook and Rusty Selmont as Leaders Thriving in Their 40's

Partners Chris Manderson and Blake Alsbrook Named "Legal Visionaries" by the Los Angeles Times, Business of Law Magazine

Super Lawyers: Southern California Super Lawyers, 2025

## COMMUNITY & PROFESSIONAL

Los Angeles County Bar Association, Executive Committee Member, Remedies Section

California Receivers Forum, Board of Directors

Bet Tzedek New Leadership Council

ProVisors (Professional Association of Trusted Advisors)

Beverly Hills Bar Association

Co- Editor, Receivership News

## CLIENT ALERTS

Two Ervin Cohen & Jessup Partners Named 'Leading Global Bankruptcy Lawyers'
07.07.2025

Seasoned Attorney Blake Alsbrook Joins Ervin Cohen & Jessup
02.19.2020

## PUBLICATIONS

*County of Sonoma v. U.S. Bank*: Court of Appeal Reaffirms Receivership Court's Power to Authorize Priority Certificates and Strip Liens
*Receivership News*, Spring 2021

The Priority of Receivership Certificates: *County of Sonoma v. U.S. Bank N.A*
*LACBA Remedies Section Newsletter*, 03.2021



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974  | T 310.273.6333   |  www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

Editor's Comment
*LACBA Remedies Section Newsletter*, 03.2021

City of Sierra Madre v. SunTrust: Court of Appeal Issues Pivotal Opinion Reaffirming Validity of Super-Priority Receiver's Certificates
*Receivership News*, Summer 2019

Post Judgment Receiverships in LA - Dept 44 Procedural Information
*Receivership News*, Spring 2018

Fending Off Bankruptcy Bullies: A New Strategy for Receivers
*Receivership News*, Summer 2015

Why Rents and Profits Receivers May Sell Property and Courts May Authorize Real Property Sales Free and Clear of Liens: A Rejoinder to the 'Ten Commandments'
*Receivership News*, Winter 2012

## SPEAKING ENGAGEMENTS

Upcoming ACFLS Webinar: Tactical Use of Receivers in Family Law Proceedings
Association of Certified Family Law Specialists

A Closer Look at a Receiver's Superpowers: A Discussion with The California Receiver's Forum
Ervin, Cohen & Jessup LLP, 09.19.2024

Nuts and Bolts Part II: Unique Remedies for the Litigator – Partition, Anti-SLAPP, Alter Ego Attachment and More!
Los Angeles County Bar Association – Remedies Section, Online Event, 06.28.2021

"Troubled Businesses 2020: Insolvency Strategies with Bankruptcy Judge Meredith Jury (Ret.) and Expert Panel"
California Receivers Forum, Webinar, 07.22.2020

"Health and Safety and the California Housing Crisis"
CRF Loyola VIII Symposium, Renaissance Hotel, Newport Beach, 01.24.2020

Meeting with a Bankruptcy Judge and the Insolvency Experts
Insolvency Law Standing Committee of CLA and Los Angeles County Bar Association Remedies Section, Fall 2019

'Vice' Receiverships
Los Angeles County Bar Association, Remedies Section

Health and Safety Code Receiverships: Legal Breakthroughs and Lessons for the Trenches
California Receivers Forum, Summer 2019



EXHIBIT "3"
Page 51

# ERVIN COHEN & JESSUP LLP

Cannabis Receiverships
California Receivers Forum, Summer 2018

Contempt! - Preparation, Trial and County Jail
California Receivers Forum, Spring 2014

## SEMINARS

Loyola X Receivership Symposium 2023, Avoiding Wipeouts While Selling A Cannabis Business

Loyola IX Receivership Symposium 2022, In a World of Few Options, Receivership Becomes the Solution

For publications add "Problem Property Receiverships: A Tool for Local Governments" Receivership News Winter 2020

## SUCCESSES

Fifteen Ervin Cohen and Jessup Attorneys Named to 2024 Super Lawyers Lists





# ERVIN COHEN & JESSUP LLP

## CHASE A. STONE
**Associate**

cstone@ecjlaw.com
Direct 310.281.6369

Chase A. Stone is an Associate in ECJ's Receivership, Bankruptcy, and Creditors' Rights Department. His practice covers all aspects of insolvency, including bankruptcy, receiverships, out-of-court workouts, and assignments for the benefit of creditors (ABCs). He advises clients across industries such as retail, cryptocurrency, real estate, as well as mid-sized businesses, individuals, and court-appointed fiduciaries.

Chase has extensive experience representing secured and unsecured creditors in bankruptcy proceedings, as well as individual Chapter 11 debtors. He regularly handles claim recovery, post-judgment collections, lease assumption and assignment disputes, and adversary litigation, including nondischargeability and preference actions.

Chase also represents court-appointed fiduciaries in partition actions and receivership proceedings, including equity, Health and Safety Code, and rents and profits receiverships. His work involves shareholder and partnership disputes, fraud or mismanagement cases, corporate insolvency, and managing distressed real estate portfolios.

Before joining ECJ, Chase served as a judicial law clerk for the Honorable Ronald A. Clifford III and the Honorable Victoria S. Kaufman in the U.S. Bankruptcy Court for the Central District of California.

## REPRESENTATIVE MATTERS

*In re Core Scientific, Inc.* (U.S. Bankruptcy Court for the Southern District of Texas) (Case No. 22-90341) – Represented claimants with over $22 million in combined claims to successfully resolving dispute with the debtor regarding calculation of claims.

### EDUCATION

LL.M, UCLA School of Law,
*Business Bankruptcy*

J.D., UC Davis School of Law

M.S., University of Michigan

B.A., Oberlin College, *with Honors*

### PRACTICE AREAS

Receivership, Bankruptcy, and Creditors' Rights Services

### ADMISSIONS

California

U.S. District Court

U.S. District Court, Central District of California

U.S. District Court, Eastern District of California

U.S. District Court, Northern District of California

U.S. District Court, Southern District of California



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974   | T 310.273.6333   |   www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP

*Celsius Network LLC, et al.* (U.S. Bankruptcy Court for the Southern District of New York) (Case No. 22-10964) – Obtained favorable outcome under section 503(b)(3)(D) for award of substantial contribution over objections, including from the Office of the United States Trustee, and assisted in negotiations of plan support agreement.

U.S. Bankruptcy Court for the Central District of California – Successfully negotiated settlement on behalf of individual Chapter 11 debtor, reducing prepetition judgment of $18 million by nearly half and resolving longstanding dispute in favor of the debtor.

U.S. Bankruptcy Court for the Northern District of California/Santa Clara Superior Court – Assisted in representation of court-appointed receiver in claims brought against receiver personally by bankruptcy trustee, reducing liability to $0.

## HONORS & RECOGNITIONS

Super Lawyers: Southern California Rising Stars, 2025

Best Lawyers: Ones to Watch® in America, 2026

## COMMUNITY & PROFESSIONAL

Los Angeles Bankruptcy Forum

California Lawyers Association, Business Law Section, Insolvency Law Committee 2024 - 2027

## CLIENT ALERTS

34 Ervin Cohen & Jessup Attorneys Named "Best Lawyers In America"
08.21.2025

## PUBLICATIONS

*In re Serta Simmons Bedding,* 125 F.4th 555 (5th Cir. 2024) | Case Summary & Author's Comment By: Chase A. Stone
*California Lawyers Associaton*, 04.15.2025

JJD-HOV Elk Grove, LLC v. Jo-Ann Stores, LLC | Case Summary By: Chase A. Stone
*California Lawyers Association*, 02.18.2025



# ERVIN COHEN & JESSUP LLP



## DANIELLE R. GABAI

**Associate**

dgabai@ecjlaw.com
Direct 310.281.6359

Danielle is an Associate in the Receivership, Bankruptcy, and Creditors' Rights Department. Her experience includes representing receivers in state court, as well as trustees, individual and corporate creditors, debtors, and transferees in bankruptcy proceedings under Chapters 7 and 11 (including Subchapter V) of the Bankruptcy Code. Danielle also has experience in Assignments for the Benefit of Creditors.

Danielle earned her Juris Doctor from the University of Southern California Gould School of Law in 2021, where she also obtained a Business Law Certificate. During law school, she served as President of the Jewish Law Student Association and Outreach Chair of the Healthcare Law Society. She holds a Bachelor of Arts in Business Administration with a specialization in Finance from IDC Interdisciplinary Center in Herzliya, Israel.

## HONORS & RECOGNITIONS

Best Lawyers: Ones to Watch® in America, 2026

## CLIENT ALERTS

34 Ervin Cohen & Jessup Attorneys Named "Best Lawyers In America"
08.21.2025

**EDUCATION**

J.D., USC Gould School of Law

B.A., Business Administration With a Specialization in Finance, IDC Interdisciplinary Center

**PRACTICE AREAS**

Receivership, Bankruptcy, and Creditors' Rights Services



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974  | T 310.273.6333  |  www.ecjlaw.com

# ERVIN COHEN & JESSUP LLP



## DYLAN ALLEN

### ASSOCIATE

dallen@ecjlaw.com
Direct 310.281.6356

Dylan is an Associate in the Receivership, Bankruptcy, and Creditors' Rights Department. He represents receivers in state court, as well as trustees, individual and corporate creditors, debtors, and transferees in bankruptcy proceedings under Chapters 7 and 11 of the Bankruptcy Code.

During law school, Dylan gained experience through the University of Minnesota Law School's Bankruptcy Clinic, where he represented clients in personal bankruptcy proceedings. Before law school, he worked in the financial services industry, where he negotiated financial partnerships and supported commercial lending and underwriting initiatives.

Dylan earned his J.D. from the University of Minnesota Law School, where he was a member of the Jewish Law Student Association. He received his B.A. in Law, History, and Culture from the University of Southern California.

### EDUCATION

J.D., University of Minnesota Law School

B.S., University of Southern California

### PRACTICE AREAS

Receivership, Bankruptcy, and Creditors' Rights Services



9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974   | T 310.273.6333   |   www.ecjlaw.com

EXHIBIT "3"
Page 56

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA  90210

A true and correct copy of the foregoing document entitled (specify): **NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY ERVIN COHEN & JESSUP LLP AS GENERAL BANKRUPTCY COUNSEL, EFFECTIVE SEPTEMBER 22, 2025; STATEMENT OF DISINTERESTEDNESS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _October 13, 2025_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Tanya Behnam on behalf of Creditor Panthers Capital LLC
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Dennis A Dressler on behalf of Creditor Tokyo Century (USA) Inc.
ddressler@dresslerpeters.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Byron Z Moldo on behalf of Debtor CIS International Holdings (N.A.) Corporation
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company LLC, c/o AIS Portfolio Services, LLC
amit.sharma@aisinfo.com

Randye B Soref on behalf of Creditor Panthers Capital LLC
rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com

Chase Aleksander Stone on behalf of Debtor CIS International Holdings (N.A.) Corporation
cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

AIS Portfolio Services (Attn: Ford Motor Credit Company LLC Dept)
ECFNotices@aisinfo.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) October 13, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case ~~or adversary proceeding~~ by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

PLEASE SEE ATTACHED SERVICER LIST

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 13, 2025 | Debbie A. Perez | /s/ Debbie A. Perez |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**In re CIS International Holdings (N.A.) Corporation, Debtor. Case No 2:25-bk-13874-BR**
**United States Bankruptcy Court, Central District of California, Los Angeles Division**
<u>SERVICE LIST</u>

<u>DEBTOR</u>
CIS International Holdings (N.A.)
Corporation dba eTropical Fish
1405 W. 178th Street
Gardena, CA 90248

<u>UNITED STATES TRUSTEE</u>
Office of the United States Trustee
915 Wilshire Blvd #1850
Los Angeles, CA 90017

**20 LARGEST CREDITORS**

American Packaging Capital, Inc.
PO Box 77077
Minneapolis, MN 55480-7777

California Employee Develop. Dept.
PO Box 826218
Sacramento, CA 94230-6218

CV Sematik Perkasa Indonesia
JL Setiawarg a
2I3BB RT 002, RW 004 Jatiranggon
Jatisampurna, Kota Bekasi **INDONESIA**

D.B. Group America, Ltd.
2351 US Route 130
Dayton, NJ 08810

Fleet Global Logistics
19 Srinakarin Rd. (4th Floor) Bangna, Bangnha
Nuea
Bangkok, **THAILAND** 10260

Ford Motor Credit
PO Box 537901
Livonia, MI 48153-7901

Guangzhou Quick Production Co. A20 of Room
1001 No. 621
Tianhe Rd., Tianhe District
Guang Zhou, Guangzhou, **CHINA**

Launch Funding Group LLC
1250 E. Hallandale Beach Bl. #505
Hallandale, FL 33009

Lincoln Benefit Life Company
P.O. Box 4322
Carol Stream, IL 60197

Newtek Bank, N.A.
1111 Brickell Ave Suite 135
Miami, FL 33131

North Star Leasing Division
of Peoples Bank
P.O. Box 4505
Burlington, VT 05406-4505

Shorr Packaging
Los Angeles Branch
1100 Eliwanda Ave
Ontario, CA 91760-8658

Signature Staff Resources LLC
1460 TL Townsend Dr. # 104
Rockwall, TX 75032

Southern California Edison Company
P.O. Box 300
Rosemead, CA 91770

Teknowledge Shared Services Ltd.
27/6A Park Lane
Rajagiriya, **SRI LANKA**

U.S. Small Business Administration
Office of General Counsel
312 No. Spring Street, 5th Floor
Los Angeles, CA 90012

UPS
Executive Financial Enterprises
PO Box 894820
Los Angeles, CA 90189-4820

Western Overnight LLC
16 Corporate Woods Blvd., Ste. 1
Albany, NY 12211

Victory Packaging
3550 E. Francis Street, Suite 200
Ontario, CA  91761

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, California  90210

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/13/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*Tanya Behnam on behalf of Creditor Panthers Capital LLC*
*tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com*

*Dennis A Dressler on behalf of Creditor Tokyo Century (USA) Inc.*
*ddressler@dresslerpeters.com*

*Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)*
*ron.maroko@usdoj.gov*

*Byron Z Moldo on behalf of Debtor CIS International Holdings (N.A.) Corporation*
*bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com*

*Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company LLC, c/o AIS Portfolio Services, LLC*
*amit.sharma@aisinfo.com*

*Randye B Soref on behalf of Creditor Panthers Capital LLC*
*rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com*

*Chase Aleksander Stone on behalf of Debtor CIS International Holdings (N.A.) Corporation*
*cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com*

*United States Trustee (LA)*
*ustpregion16.la.ecf@usdoj.gov*

AIS Portgolio Services (Attn: Ford Motor Credit Company LLC Dept)
ECFNotices@aisinfo.com                              ⊔  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 10/13/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**PLEASE SEE ATTACHED SERVICE LIST**

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2025 | Debbie A. Perez | /s/Debbie A. Perez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐ *December 2016*                                   Page 3
**F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**In re CIS International Holdings (N.A.) Corporation, Debtor. Case No 2:25-bk-13874-BR
United States Bankruptcy Court, Central District of California, Los Angeles Division**
<u>SERVICE LIST</u>

<u>DEBTOR</u>
CIS International Holdings (N.A.)
Corporation dba eTropical Fish
1405 W. 178th Street
Gardena, CA 90248

<u>UNITED STATES TRUSTEE</u>
Office of the United States Trustee
915 Wilshire Blvd #1850
Los Angeles, CA 90017

20 LARGEST CREDITORS

American Packaging Capital, Inc.
PO Box 77077
Minneapolis, MN 55480-7777

California Employee Develop. Dept.
PO Box 826218
Sacramento, CA 94230-6218

CV Sematik Perkasa Indonesia
JL Setiawarg a
2I3BB RT 002, RW 004 Jatiranggon
Jatisampurna, Kota Bekasi **INDONESIA**

D.B. Group America, Ltd.
2351 US Route 130
Dayton, NJ 08810

Fleet Global Logistics
19 Srinakarin Rd. (4th Floor) Bangna, Bangnha
Nuea
Bangkok, **THAILAND** 10260

Ford Motor Credit
PO Box 537901
Livonia, MI 48153-7901

Guangzhou Quick Production Co. A20 of Room
1001 No. 621
Tianhe Rd., Tianhe District
Guang Zhou, Guangzhou, **CHINA**

Launch Funding Group LLC
1250 E. Hallandale Beach Bl. #505
Hallandale, FL 33009

Lincoln Benefit Life Company
P.O. Box 4322
Carol Stream, IL 60197

Newtek Bank, N.A.
1111 Brickell Ave Suite 135
Miami, FL 33131

North Star Leasing Division
of Peoples Bank
P.O. Box 4505
Burlington, VT 05406-4505

Shorr Packaging
Los Angeles Branch
1100 Eliwanda Ave
Ontario, CA 91760-8658

Signature Staff Resources LLC
1460 TL Townsend Dr. # 104
Rockwall, TX 75032

Southern California Edison Company
P.O. Box 300
Rosemead, CA 91770

Teknowledge Shared Services Ltd.
27/6A Park Lane
Rajagiriya, **SRI LANKA**

U.S. Small Business Administration
Office of General Counsel
312 No. Spring Street, 5th Floor
Los Angeles, CA  90012

UPS
Executive Financial Enterprises
PO Box 894820
Los Angeles, CA 90189-4820

Western Overnight LLC
16 Corporate Woods Blvd., Ste. 1
Albany, NY 12211

Victory Packaging
3550 E. Francis Street, Suite 200
Ontario, CA  91761

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document entitled **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 24, 2025** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ismail Amin on behalf of Creditor Newtek Bank, N.A.
iamin@talglaw.com,
pgilmore@talglaw.com;kvescera@talglaw.com;shalberstadt@talglaw.com;cstark@talglaw.com;ckim@talglaw.com;eavakian@talglaw.com

Tanya Behnam on behalf of Creditor Panthers Capital LLC
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Christopher Beyer on behalf of Creditor North Star Leasing, a Division of Peoples Bank
cab@replevin.com, ecf@writofseizure.com

Michael D Breslauer on behalf of Interested Party Courtesy NEF
mbreslauer@swsslaw.com, sdurazo@swsslaw.com

Dennis A Dressler on behalf of Creditor Tokyo Century (USA) Inc.
ddressler@dresslerpeters.com

David M Goodrich (TR)
dgoodrich@go2.law, c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@go2.law

Michael Jones on behalf of U.S. Trustee United States Trustee (LA)
michael.jones4@usdoj.gov

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Byron Z Moldo on behalf of Debtor CIS International Holdings (N.A.) Corporation
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Scott Olson on behalf of Creditor Settle Funding, LLC
solson@seyfarth.com, chidocket@seyfarth.com

Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company LLC, c/o AIS Portfolio Services, LLC
amit.sharma@aisinfo.com

Randye B Soref on behalf of Creditor Panthers Capital LLC
rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com

Chase Aleksander Stone on behalf of Debtor CIS International Holdings (N.A.) Corporation
cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Cranston J Williams on behalf of Creditor Southern California Gas Company
cwilliams3@socalgas.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **N/A** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A** , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 24, 2025 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**