**TALG, LTD.**
Ismail Amin, Esq. (SBN 231232)
Christopher T. Stark, Esq. (SBN 306898)
3161 Michelson Drive, Suite 1025
Irvine, California 92612
Telephone: (949) 502-7715
Facsimile: (949) 266-8406

Attorneys for Creditor Newtek Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CIS International Holdings (N.A.) Corporation,<br><br>Debtor. | Case No. 2:25-bk-18374-BR<br><br>**Chapter 7**<br><br>**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**<br><br>DATE:  December 16, 2025<br>TIME:  10:00 a.m.<br>CTRM:  Courtroom 1668 |

- 1 -

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

PANTHERS CAPITAL LLC ("Panthers") requests that this Court reconsider (the "Motion") its Order Approving Stipulation Between Debtor and Petco for Turnover (the "Petco Order"). *Docket No. 22.* Creditor NEWTEK BANK, N.A. ("Newtek") hereby files its Opposition to Panthers' Motion.

**OPPOSITION TO PANTHERS CAPITAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

**I.    INTRODUCTION**

Debtor CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION ("Debtor") petitioned for Chapter 11 relief on September 22, 2025. *Docket No. 1.* Despite the automatic stay that went into effect immediately upon Debtor's filing for bankruptcy relief, Panthers continues to demand payment from the debtor in violation of the automatic stay afforded by 11 USCS § 362. While Panthers may assert that it "requests that the Court order Debtor and the Trustee to provide a full and complete accounting of all funds transferred from Petco to Debtor and from Petco to the Trustee from the petition Date to the present," its requested relief goes far beyond a mere accounting. *See Motion, 16:7-8 Docket No. 100.* Instead, Panthers requests that the Court "order immediate turnover to Panthers, or direction to Petco to pay Panthers, of all sums due and to become due on the affected invoices up to $1,811,280.14, plus attorney's fees and costs[.]" *See Motion, 17:13-14.* Panthers' request ignores that (1) Newtek holds a secured interest in the accounts receivable it seeks turnover of; (2) that Newtek's secured interest in the accounts receivable at dispute is senior to Panthers' claimed interest; and (3) that an automatic stay is in effect as the accounts receivable at issue are part of the estate. Accordingly, Panthers' attempt to disregard the automatic stay and cut the line in front of senior creditors should be denied in its entirety.

**II.    BACKGROUND**

On May 17, 2023, Debtor and Newtek entered into a loan for Three Million Five Hundred Thousand Dollars ($3,500,000.00) (the "Newtek Loan"). *See Proof of Claim No. 18, Part 2 at p. 20 [Note].* To adequately protect Newtek's interest, Debtor and Newtek entered into a series of agreements including a Commercial Security Agreement (the "Newtek Security Agreement"). *See Proof of Claim*

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

TALG, Ltd.
3161 Michelson Drive, Suite 1025
Irvine, California 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

*No. 18, Part 2 at p. 29 [Commercial Security Agreement]*. Under the Newtek Security Agreement, Debtor granted Newtek "a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law." *See Proof of Claim No. 18, Part 2 at p. 29 [Commercial Security Agreement]*. Collateral is defined in the Newtek Security Agreement as:

> All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.
> In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:
> > (A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.
> > (B) All products and produce of any of the property described in this Collateral section.
> > (C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.
> > (D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process. (E)

- 3 -

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

> All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media. *See Proof of Claim No. 18, Part 2 at p. 29 [Commercial Security Agreement].*

Under the Newtek Security Agreement, Debtor further agreed that it "shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance, or charge, other than the security interest provided from in this Agreement, without the prior written consent of Lender. This includes security interests even if junior in right to the security interests granted under this Agreement." *Id.* To perfect its security interest, Newtek filed a blanket UCC Financing Statement on March 15, 2023, securing:

> All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property. *Proof of Claim No. 18 at p. 28 [UCC Financing Statement].*

Accordingly, Newtek's security interest was perfected on March 15, 2023. "On or about December 1, 2024 [after the Newtek Loan], Debtor and Panthers entered into that certain *Factoring Facility*

- 4 -

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

*Agreement* (the '**Factoring Agreement**'), pursuant to which Panthers agreed to purchase certain unencumbered invoices of an account receivable ('**Factor Account**') and sign exclusive payment rights of the Factor Account to Panthers of Debtor up to a maximum of $3,000,000.00 at any given time." *Motion, 2:3-7.* **This Factoring Agreement featured an annual percentage rate of <u>One Hundred Fourteen Percent (114%) that included a Four Hundred Seventy-Nine Thousand Six Hundred Sixty-Seven Dollar ($479,667.00) finance charge for funding of One Million Twenty Thousand Five Hundred Sixty-Nine Dollars ($1,020,569.00).</u>[1]** *See Declaration of Benjamin Isaacov in Support of Panthers Capital LLC's Notice of Motion and Motion to Reconsider Order Approving Stipulation Between Debtor and Petco for Turnover ("Isaacov Decl."), Exh. A, at p. 153.* "To perfect its security interest in future Petco A/R and establish its priority lien interest in the Collateral, Panthers noticed and filed a UCC-1 Financing Statement with the State of California Office of Secretary of State on November 18, 2024[.]" *See Motion, 4:12-14.* Filed over a year and a half later, Panthers' security interest is junior to Newtek's. "On December 4, 2024, Panthers, Debtor, and Petco entered into that certain *Three Party Addendum to Factoring Facility Agreement* ('**Three-Party Agreement**') whereby to induce further funding by Panthers, Petco and Debtor specifically agreed that on and after November 27, 2024, all Petco A/R owed to Debtor shall be paid to Panthers." *See Motion, 3:15-18.* Panthers now asserts that these funds—which Newtek holds a senior secured interest in—should not be held by the Trustee but instead be turned over to Panthers following the Stipulation for Turnover entered into between Debtor and Petco. As demonstrated below, Panthers' request is nothing more than an attempt to circumvent the automatic stay to assume priority it does not hold.

**III.    PANTHERS' REQUEST FOR EXTRAORDINARY RELIEF IS NOT WARRANTED**

Rule 60(b) permits a court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence….; (3) fraud… by an opposing party,…; (4) the judgment is void; (5) the judgment has been satisfied...; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is to be used sparingly

---

[1] The APR of the Factoring Agreement and the fact that Panthers is not licensed to do business in California raises serious questions as to whether usury and loan sharking were the cause of Debtor's petition for relief.

- 5 -

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original); *see FTC v. AH Media Grp., LLC*, 229 F.R.D. 612, 620 (N.D. Cal. 2001) ("Overall, an intensive balancing of all relevant factors and the call to do justice mandate denial of Rule 60(b)(6) relief in this case. Granting defendants' motion would do no justice, especially where all it would likely mean is that the FTC would simply have to take a different procedural route to get to the same substantive outcome."). Rule 61 provides that "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

Here, the facts do not warrant the extraordinary relief requested by Panthers which in effect demands that the Court turn back time as the funds have already been transferred. Importantly, Panthers does not assert that the contested funds have been absconded with by Debtor. Instead, the contested funds are now in possession of the Trustee. As detailed below, Newtek disputes that Debtor's accounts receivable fall outside the estate. Due to this dispute as to the nature of Panthers' agreement with Debtor, Panthers' receipt of the Petco stipulation would have no bearing on the substantive issue of which party or parties are entitled to Debtor's accounts receivable. In effect, Panthers is complaining that it was not afforded an opportunity to subvert the automatic stay. As multiple creditors assert an interest in Debtor's accounts receivable, any harm suffered by Panthers' failure to receive notice of the Petco stipulation is de minimis—the right to the funds is disputed. Having requested extraordinary relief although its rights have not been substantially affected, Panthers' Motion should be denied in its entirety.

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

## IV. PANTHERS IS NOT ENTITLED TO SUBVERT THE AUTOMATIC STAY OR DISREGARD NEWTEK'S PRIORITY INTEREST

Panthers has not sought relief from the automatic stay. Instead, it has violated the automatic stay by repeatedly seeking to exercise its remedies outside of this Court. In line with this, Panthers requests that the Court "order immediate turnover to Panthers, or direction to Petco to pay Panthers, of all sums due and to become due on the affected invoices up to $1,811,280.14, plus attorney's fees and costs" . *See Motion, 17:13-14.* Panthers' request is impermissible as the accounts receivable at issue fall within the estate. We assume that Panthers will argue that Debtor's accounts receivable are not property of the estate as Panthers "purchased" the receivables. Such analysis ignores Article 9 of the UCC. Section 1-201(b)(35) of the UCC defines a "security interest" as "any interest of…a buyer of accounts…in a transaction subject to Article 9." As Section 9-109(a)(3) applies to the "sale of accounts[,]" Panthers held a security interest in Debtor's accounts receivable. The fact that this is a security interest as opposed to a mere purchase is clearly evidenced by the UCC-1 filing made by Panthers as well as the extensive cross-collateralization Panthers required for financing. *See Isaacov Decl., Exh. A at pp.170* (Corporate and personal guarantors including: (a) CIS International Holdings (N.A.) Corp. - Charitha I. Samarasinghe, (b) CIS International Distributor - Charitha I. Samarasinghe, (c) Siam Tropical Fish Ltd. - Charitha I. Samarasinghe, (d) Tropical Fish International Europe - Charitha I. Samarasinghe, (e) Tropical Aquarium Fish Fiji (Ltd) - Charitha I. Samarasinghe, (f) Live Acquaria Holdings Corp - Charitha I. Samarasinghe, (g) T3 Aquatics - Charitha I. Samarasinghe, (h) LIONSROCK INVESTMENTS LLC - Charitha I. Samarasinghe, and (i) LIONSROCK WISCONSIN LLC - Charitha I. Samarasinghe). While Panthers may seek to hold its Factoring Agreement out as a simple purchase of Debtor's accounts receivable, the onerous terms of financing clearly demonstrate otherwise.

Property encumbered by a lien remains property of the estate under 11 USC 541. *See In re Contractors Equipment Supply Co.*, 861 F.2s 241, 244 (9th Cir. 1988) ("The property of the debtor's estate includes property in which a creditor has a security interest."); *see also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 2033-206 (1983) (the estate includes property encumbered by a lien even when the collateral "has been seized by a creditor prior to filing of a petition for reorganization."); *see*

- 7 -

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

*also Catalano v. Commissioner of Internal Revenue*, 279 F.3d 682, 686-687 (9th Cir. 2002) ("When a bankruptcy court lifts or modifies the automatic stay, it merely removes or modifies the injunction prohibiting collection actions against the debtor or the debtor's property. Although the property may pass from the control of the estate, that does not mean that the estate's interest in the property is extinguished."). As Debtor's accounts receivable is property of the estate, Panthers' Motion should be denied in its entirety as Panthers must first seek relief from the automatic stay.

## V.   CONCLUSION

Panthers' attempt to cut the line in front of senior creditors to collect upon a loan featuring a potentially usurious One Hundred Fourteen annual percentage rate (114%) in violation of the automatic stay should be denied in its entirety.

Dated:  December 2, 2025                **TALG, Ltd.**

By: ___*/s/ Ismail Amin*_____
Ismail Amin, Esq.
Christopher T. Stark, Esq.
***Attorneys for Newtek Bank, N.A.***

**CREDITOR NEWTEK BANK, N.A.'S OPPOSITION TO PANTHERS CAPTIAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3161 Michelson Drive, Suite 1025, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): Creditor Newtek Bank, N.A.'s Opposition to Panthers Capital LLC's Motion to Reconsider Order Approving Stipulation Between Debtor and Petco for Turnover

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/02/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/02/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court  
Hon. Barry Russell  
255 E. Temple Street, Suite 1660  
Los Angeles, CA 90012  

CIS International Holdings (N.A.) Corporation  
1405 W. 178th Street  
Gardena, CA 90248

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/02/2025 | Ismail Amin | /s/ Ismail Amin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (Continued)

- **Scott Olson** solson@seyfarth.com

- **Tanya Behnam** tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com

- **Christopher Beyer** cab@replevin.com, ecf@writofseizure.com

- **Michael D Breslauer** mbreslauer@swsslaw.com, sdurazo@swsslaw.com

- **Dennis A Dressler** ddressler@dresslerpeters.com

- **Michael Jones** michael.jones4@usdoj.gov

- **Ron Maroko** ron.maroko@usdoj.gov

- **Byron Z Moldo** bmoldo@ecjlaw.com, aantonio@ecjlaw.com, dperez@ecjlaw.com

- **Amitkumar Sharma** amit.sharma@aisinfo.com

- **Randye B Soref** rsoref@polsinelli.com, ccripe@polsinelli.com; ladocketing@polsinelli.com

- **Chase Aleksander Stone** cstone@ecjlaw.com, aantonio@ecjlaw.com, dperez@ecjlaw.com, cmacan@ecjlaw.com

- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

- **Cranston J Williams** cwilliams3@socalgas.com