**POLSINELLI LLP**
Randye B. Soref (SBN 99146)
Tanya Behnam (SBN 322593)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    310.556.1801
Facsimile:    310.556.1802
Email:    rsoref@polsinelli.com
Email:    tbehnam@polsinelli.com

*Attorneys for Panthers Capital LLC*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION,<br><br>　　　　　Debtor. | Case No. 2:25-bk-18374-BR<br><br>Chapter 7<br><br>**REPLY TO PANTHERS CAPITAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**<br><br>Hearing:<br>Date: December 16, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

Panthers Capital LLC's ("**Panthers**") hereby submits its Reply (the "**Reply**") to *Panthers Capital LLCs Motion to Reconsider Order Approving Stipulation Between Debtor and Petco for Turnover* [Docket No. 100] (the "**Motion to Reconsider**") pursuant to Local Bankruptcy Rule 9013-1(g) and states as follows:

---
1
**REPLY TO PETCO'S OPPOSITION TO MOTION TO RECONSIDER**
107616217

## I. INTRODUCTION

The opposition briefs filed in response to the Motion to Reconsider[1] obscure what ultimately is not in dispute: **Panthers was required to receive notice of the Petco Stipulation[2], but did not**. Though Panthers is an undisputed party to the Three-Party Agreement that the Petco Stipulation altered, it was not included as a stipulating party, nor did it receive notice or an opportunity to be heard before the Court approved the Petco Stipulation by entering the Petco Order. An order that modifies a party's contractual rights without notice to that party is a basic due process failure and cannot stand. The rest of the record only reinforces that result. Furthermore, while the Opposing Parties resist an accounting, Debtor and Petco cannot even agree on the amount of outstanding Receivables (defined below), with their figures differing by more than half a million dollars—precisely the type of discrepancy that warrants an accounting.

Against this backdrop, the relief Panthers seeks is modest and necessary: vacatur of a turnover order entered without notice to a key party, and an accounting to reconcile a massive inconsistency in the reported value of a major estate asset. On this record, Panthers respectfully requests the Court to vacate the Petco Order and require an accounting to determine the true amount of the outstanding Receivables.

## II. REPLY

### A. Because Panthers—an Undisputed Party to the Three-Party Agreement—Received No Notice or Opportunity to Be Heard, the Turnover Order Must Be Vacated.

Despite the lengthy Opposition Briefs filed by Petco, Settle, and Newtek, none of the Opposing Parties dispute the fundamental problem with the Petco Order, which is that Panthers

---

[1] Opposition briefs were filed by Petco Animal Supplies Stores, Inc. ("**Petco**" and the "**Petco Opposition**") [Docket No. 218], Settle Funding, LLC ("**Settle**" and the "**Settle Opposition**") [Docket No. 129], Newtek Bank, N.A. ("**Newtek**" and the "**Newtek Opposition**") [Docket No. 130], and the Chapter 7 Trustee ("**Trustee**") [Docket No. 131], collectively referred to herein as the "**Opposing Parties**" and the "**Opposition Briefs**".

[2] Capitalized terms not defined herein shall have their meaning ascribed to them in the Motion to Reconsider.

did not receive notice of the Petco Stipulation and never had an opportunity to be heard before the Petco Order was entered.

Panthers maintains that the receivables at issue (the "**Receivables**") were sold to it under the Factoring Agreement, that it is the absolute owner of the Receivables, and that the Receivables are not property of the Bankruptcy Estate.[3] Nevertheless, Panthers understands that, pursuant to the Opposition Briefs, Settle and Newtek each assert priority security interests in the Receivables, and that there is a disagreement as to the true owner or first priority security interest holder of the Receivables. To the extent that the Court determines that this dispute cannot be resolved under the instant Motion to Reconsider, Panthers further acknowledges that the Federal Rules of Bankruptcy Procedure dictate that the extent of lien priority must be determined through an adversary proceeding. Fed. R. Bankr. Pro. 7001(b). Nevertheless, the crux of the Motion to Reconsider itself can be resolved without further delay: the Petco Order was not properly entered, and must be vacated.

Putting aside any dispute over lien priority, the key facts essential to reconsideration are not in dispute by any Opposing Party. In other words, none of the Opposing Briefs dispute that Panthers should have received notice of the Petco Stipulation and never did. Indeed, even the Trustee does not defend the Petco Order or oppose its vacatur. (Trustee Opposition, at p. 2). On these simple, undisputed facts alone, the Petco Order was entered in violation of Panthers' due process rights and should be vacated.

Petco repeatedly asserts in its opposition that it *insisted* Panthers receive notice. The Petco Opposition acknowledges over and over again that "Panthers should have gotten notice of the Stipulation contemporaneous with its filing", that "Panthers was supposed to get notice of the

---

[3] The Factoring Agreement's unambiguous terms state that the Debtor sold to Panthers, **"as absolute owner… all accounts receivable created now or in the future by Debtor's credit sales to Petco."** (Factoring Agreement ¶ 1.1) (emphasis added). Because the Debtor sold the Receivables outright to Panthers, they never became property of the estate. As such, they fall outside the scope of the Bankruptcy Code's turnover provisions and the Bankruptcy Code did not override the Three-Party Agreement—an agreement that both the Debtor and Petco breached via the Petco Stipulation. *See In re Eachpole, Inc.*, No. 20-10956-ABL, 2025 WL 351823, at *119 (Bankr. D. Nev. Jan. 24, 2025) ("Recovery under 11 U.S.C. § 542 is limited to assets that are undisputedly property of the estate." (citations omitted)).

Stipulation as soon as it was filed," "Petco…*insisted* that such notice be a requirement *in* the Stipulation", and even considered notice to Panthers so imperative that it "demanded that it be a requirement under the Petco Stipulation that Debtor provide such notice to Panthers." (Petco Opposition, at pp. 3, 16) (emphasis in the original). Petco's own statements thus confirm that it understood the Petco Stipulation materially altered Panthers' rights and that notice to Panthers was critical.

Yet in the next breath, Petco contends that Panthers did not need notice of or participation in the Petco Stipulation because the Bankruptcy Code supposedly displaces the three-party agreement. Petco cannot talk out of both sides of its mouth. Which is it? Either Petco and the Debtor understood that notice to Panthers was so critical that they discussed it and corresponded about it multiple times, or the Bankruptcy Code rendered Panthers irrelevant and notice was never required.

If the modification were truly permissible, and if the Petco Stipulation "did not modify Panthers' rights at all," then why did Petco insist that Panthers receive notice? (Petco Opposition, at p. 14). Why was notice to Panthers so important to Petco that it discussed it multiple times and even "demanded that it be a requirement under the Stipulation"? (*Id.*, at p. 16). Petco cannot have it both ways. Petco's own insistence that Panthers receive notice of the Petco Stipulation is an admission that Panthers was a key party to the Three-Party Agreement whose rights would be affected by any order approving the Petco Stipulation, and that due process required that Panthers be given notice and an opportunity to be heard before those rights were impaired. If the Petco Stipulation truly did not affect Panthers' rights, Petco would have had no reason to insist that Panthers be included on the service list. Despite all its professed concern for the importance of notice,[4] neither the Debtor nor Petco ensured that notice was actually given. Having recognized

---

[4] Additionally, Petco asserts that Debtor originally intended to file a motion for turnover under 11 U.S.C. § 542, but, due to the Debtor's urgent needs, opted instead for a stipulation with Petco. (Petco Opposition, at p. 9). If guaranteeing notice to Panthers was so imperative to Petco, and the Bankruptcy Code would allegedly override the Three-Party Agreement, why choose a stipulation (without including or giving notice to an essential party) over an emergency turnover motion that would have brought the issue before the Court just as quickly, while guaranteeing Panthers the notice it is entitled to?

3
**REPLY TO PETCO'S OPPOSITION MOTION TO RECONSIDER**

107616217

Panthers' stake and the impact of the Petco Order well in advance of its entry, Petco cannot now minimize the due process violation that followed.

Petco further attempts to downplay the failure to provide notice as a "mundane…clerical error," attributing the service failure to a miscommunication between Debtor's counsel and a paralegal. (Petco Opposition, at p. 1). Failure to serve a known, interested party, however, goes well beyond a typographical mistake or filing glitch. Even accepting Petco and Debtor's explanation at face value, it does not excuse the lack of notice. California Rule of Professional Conduct 5.3(a)–(b) places a duty on lawyers to implement reasonable procedures and to supervise nonlawyer staff so that their conduct remains compatible with the lawyer's professional obligations.[5] Administrative tasks such as filing and serving a required notice fall squarely within those supervised responsibilities. Even if the lack of notice resulted from clerical oversight, the risk of such errors falls on the supervising attorney, not the Court or affected non-parties like Panthers. Debtor's counsel cannot evade responsibility by pinning the failure of service on a paralegal. If Petco's counsel truly was as insistent as it now claims that Panthers be given notice, both parties should have been on high alert to confirm that notice had actually been provided and that service was properly made. Why did Debtor's counsel not verify that service was actually made?

And, the failure to serve Panthers was not the only defect surrounding the Petco Stipulation: there is also no notice of lodgment of the proposed Petco Order on the docket, in contravention of this Court's local practice.[6] This pattern of repeated omissions surrounding the Petco Order goes

---

[5] With respect to a nonlawyer employed or retained by or associated with a lawyer:

  (a) a lawyer who individually or together with other lawyers possesses managerial authority in a law firm,* shall make reasonable* efforts to ensure that the firm* has in effect measures giving reasonable* assurance that the nonlawyer's conduct is compatible with the professional obligations of the lawyer;

  (b) (b) a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm,* shall make reasonable* efforts to ensure that the person's* conduct is compatible with the professional obligations of the lawyer;

California Rule of Professional Conduct 5.3(a)–(b).

[6] *See* Central Guide 2-16: "A proposed order or judgment must be served on other parties only when parties filed an opposition to the motion or other request, **when parties entered into a**

4

**REPLY TO PETCO'S OPPOSITION MOTION TO RECONSIDER**

107616217

1 well beyond a "clerical error." Whether the failure to provide notice was negligent or intentional, there is no justification for Panthers not receiving notice.

Thus, while Panthers recognizes that multiple parties have asserted interests in the Receivables, what is undisputed is that neither Petco nor Debtor provided Panthers with notice of the Petco Stipulation, despite acknowledging the importance of such notice and the impact of the Petco Stipulation on Panthers' contractual rights. Regardless of who ultimately holds priority to the Receivables, the Petco Order was improperly entered in violation of due process and must be vacated.

### B. An Accounting Is Necessary to Determine the Correct Amount of Outstanding Receivables Disputed by Debtor and Petco.

The various Opposition Briefs steadfastly challenge Panthers' request for an accounting while entirely overlooking the reason that request is necessary and an accounting is indispensable: Petco's stated numbers do not match the Debtor's own sworn representation of the outstanding Receivables. Under the Petco Stipulation, Petco asserts that it currently owes the Debtor exactly $497,621.80 in remaining Receivables, net of credits and vendor deductions recouped by Petco under the vendor agreement. (Petco Opposition, at p. 10). By contrast, at the November 19, 2025 § 341(a) meeting of creditors, Debtor's representative, Charitha Samarasinghe, represented on the record that the amount of outstanding Receivables is between $1.2 million and $1.5 million. *See Declaration of Tanya Behnam in Support of Panthers Capital LLCs Reply to Motion to Reconsider Order Approving Stipulation Between Debtor and Petco for Turnover*, filed concurrently herewith, at ¶¶ 2-3. That is not a *de minimis* rounding error; it is a discrepancy in the range of approximately $700,000 to $1,000,000 between Petco's figure and the Debtor's own statement under oath. If a near-million-dollar variance in reported estate assets is not grounds for an accounting, what is?

An accounting is therefore not some tactical ask by Panthers; rather, it is the basic information the estate needs in order to know what it is actually owed. The numbers Petco and the Debtor have put forward cannot both be right. If Petco's number is correct, then the Debtor

---

**stipulation or other agreement**, or when the judge requires that the proposed order be served before it is lodged." (emphasis added).

misinformed its creditors at the § 341(a) meeting by overstating a major asset of the Bankruptcy Estate by more than half a million dollars. If the Debtor's number is correct, then Petco is withholding or unilaterally netting hundreds of thousands of dollars in Receivables without transparency or court oversight. Either way, one of these positions is materially wrong, and only a full accounting will reveal which. Petco's bare assertion that its net figure is accurate (without a line-item breakdown of invoices, payments, chargebacks, credits, and "vendor deductions") asks the Court, Panthers, and Debtor's other creditors simply to trust Petco as both payor and self-appointed auditor. That is not how bankruptcy administration works.

The information provided by the requested accounting would not only benefit Panthers, it would benefit the Trustee, the bankruptcy estate, and whichever party is ultimately determined to be the first-priority secured creditor or owner of the Receivables. The Trustee cannot meaningfully administer the estate, nor can the Court or creditors meaningfully evaluate distributions, without knowing whether the Receivables are closer to $500,000 or $1.5 million. Given the magnitude of the discrepancy and its direct impact on the value of the estate, it is difficult to see any legitimate reason why the Trustee, Settle, or Newtek would not want this information.

Accordingly, the Court should order Petco and the Trustee to provide a complete accounting of the Receivables, including all invoices, payments, credits, offsets, and vendor deductions applied to Panthers' and the Debtor's accounts, so that the actual amount still due and owing can be determined. Only then can the Court, Panthers, and the Trustee know the true size of this estate asset and whether the Petco Order rests on accurate, reliable numbers.

## III. CONCLUSION

**WHEREFORE**, for all the foregoing reasons, Panthers respectfully requests this Court to grant its Motion for Reconsideration and for such other relief as the Court deems just and proper.

Dated:    December 9, 2025    **POLSINELLI LLP**

By:    */s/ Tanya Behnam*

Randye B. Soref
Tanya Behnam

*Attorneys for Panthers Capital LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Suite 2900, Los Angeles, CA 90067

**A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED (*SPECIFY*): REPLY TO PETCO'S OPPOSITION TO PANTHERS CAPITAL LLC'S MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND PETCO FOR TURNOVER**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 9, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 9, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 9, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY OVERNIGHT MAIL (FEDERAL EXPRESS)**
Hon. Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 9, 2025 | Cindy M. Cripe | *Cindy M. Cripe* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
106464755.1

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (Continued)**

Ismail Amin on behalf of Creditor Newtek Bank, N.A.
iamin@talglaw.com, pgilmore@talglaw.com;kvescera@talglaw.com;
shalberstadt@talglaw.com;cstark@talglaw.com;ckim@talglaw.com;eavakian@talglaw.com

Tanya Behnam on behalf of Creditor Panthers Capital LLC
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Christopher Beyer on behalf of Creditor North Star Leasing, a Division of Peoples Bank
cab@replevin.com, ecf@writofseizure.com

Michael D Breslauer on behalf of Interested Party Courtesy NEF
mbreslauer@swsslaw.com, sdurazo@swsslaw.com

Dennis A Dressler on behalf of Creditor Tokyo Century (USA) Inc. ddressler@dresslerpeters.com

David M Goodrich (TR)
dgoodrich@go2.law, c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@go2.law

Michael Jones on behalf of U.S. Trustee United States Trustee (LA) michael.jones4@usdoj.gov

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov

Byron Z Moldo on behalf of Debtor CIS International Holdings (N.A.) Corporation
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Scott Olson on behalf of Creditor Settle Funding, LLC solson@seyfarth.com, chidocket@seyfarth.com

Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company LLC, c/o AIS Portfolio Services, LLC
amit.sharma@aisinfo.com

Randye B Soref on behalf of Creditor Panthers Capital LLC
rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com

Chase Aleksander Stone on behalf of Debtor CIS International Holdings (N.A.) Corporation
cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Cranston J Williams on behalf of Creditor Southern California Gas Company
cwilliams3@socalgas.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
106464755.1

**F 9013-3.1.PROOF.SERVICE**

Jennifer C Wong on behalf of Creditor Ford Motor Credit Company LLC
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**

**Counsel for Petco Animal Supplies Stores, Inc.**
Baker Hostetler
Adam L. Fletcher
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114-1214

**3. SERVED BY EMAIL**

**Counsel for Petco Animal Supplies Stores, Inc.**
Adam Fletcher - afletcher@bakerlaw.com
Lauren T. Attard - lattard@bakerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**
106464755.1