| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| POLSINELLI LLP <br> Randye B. Soref (SBN 99146) <br> Tanya Behnam (SBN 322593) <br> 2049 Century Park East, Suite 2900 <br> Los Angeles, CA 90067 <br> Telephone:    310.556.1801 <br> Facsimile:    310.556.1802 <br> Email:  rsoref@polsinelli.com <br> Email:  tbehnam@polsinelli.com <br><br> ☐ *Debtor(s) appearing without an attorney* <br> ☒ *Attorney for:* Panthers Capital LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: | CASE NO.:  2:25-bk-18374-BR |
|---|---|
| | CHAPTER:  7 |
| CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION, | **NOTICE OF MOTION FOR ORDER WITHOUT A HEARING** <br><br> **[LBR 9013-1(p) or (q)]** |
| Debtor(s). | [No hearing required] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) _Polsinelli LLP_____,
    filed a motion or application (Motion) entitled _MOTION OF POLSINELLI LLP TO WITHDRAW AS COUNSEL_____
    _FOR PANTHERS CAPITAL LLC_____ .

2.  Movant(s) requests that the court grant the motion without a hearing as provided for in:

    ☒ LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on additional parties as specified in LBR _2091-1(c)___; or

    ☐ LBR 9013-1(q), which requires service of the motion only on parties via Notice of Electronic Filing.

3.  The motion is based upon the legal and factual grounds set forth in the motion.  (*Check appropriate box below*):

    ☒ The full motion is attached to this notice; or

    ☐ The full motion was filed with the court as docket entry # ___, and a detailed description of the relief sought is attached to this notice.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  Movant will promptly lodge an order that the court may use to rule on the motion, as the court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing,.

Respectfully submitted,

Date:  12/18/2025

/s/ Tanya Behnam
Signature of Movant or attorney for Movant

Tanya Behnam
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                   Page 2                        **F 9013-1.2.NO.HEARING.NOTICE**

1  **POLSINELLI LLP**
Randye B. Soref (SBN 99146)
2  Tanya Behnam (SBN 322593)
2049 Century Park East, Suite 2900
3  Los Angeles, CA 90067
Telephone:     310.556.1801
4  Facsimile:     310.556.1802
Email:          rsoref@polsinelli.com
5  Email:          tbehnam@polsinelli.com

6
*Attorneys for Panthers Capital LLC*
7

8
### UNITED STATES BANKRUPTCY COURT
9
### CENTRAL DISTRICT OF CALIFORNIA
10

| In Re: | Case No. 2:25-bk-18374-BR |
|---|---|
| CIS INTERNATIONAL HOLDINGS (N.A.) CORPORATION, | Chapter 7 |
| Debtor. | **MOTION OF POLSINELLI LLP TO WITHDRAW AS COUNSEL FOR PANTHERS CAPITAL LLC; DECLARATION OF RANDYE B. SOREF IN SUPPORT** |
|  | [No Hearing Required] |

11
12
13
14
15
16
17
18

19  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**

20  **JUDGE, AND ALL INTERESTED PARTIES:**

21       Polsinelli LLP ("**Polsinelli**" or the "**Firm**") hereby moves (the "**Motion**") pursuant to

22  Local Bankruptcy Rule 2091-1(a) and California Rule of Professional Conduct ("**CRPC**") 1.16

23  for entry of an order authorizing the Firm to withdraw as counsel for Panthers Capital LLC

24  ("**Panthers**") and states:

25
26
27
28

1    **I.      STATEMENT OF RELEVANT FACTS AND DISCUSSION**

2          On September 22, 2025 (the "**Petition Date**"), CIS International Holdings (N.A.)

3    Corporation ("**Debtor**") filed a voluntary petition for chapter 11 relief in the United States

4    Bankruptcy Court for the Central District of California (the "**Bankruptcy Case**"). [Docket No. 1].

5    On October 21, 2025, the Court converted the Debtor's bankruptcy case to chapter 7. [Docket No.

6    80]. On October 23, 2025, a chapter 7 trustee was appointed. [Docket No. 81].

7          On October 9, 2025, Panthers retained the Firm to represent Panthers in the Bankruptcy

8    Case. As set forth in the attached declaration of Randye B. Soref (the "**Soref Declaration**"), the

9    relationship of trust and confidence that is essential to a properly functioning attorney-client

10   relationship has broken down and, in the good faith assessment of counsel, the relationship is

11   irreparable. Withdrawal is appropriate under such circumstances. If the Court concludes that

12   additional information regarding the nature of the breakdown is necessary to decide the Motion,

13   counsel requests the opportunity to present such evidence *in camera* to protect the confidential

14   nature of the relationship between counsel and its client. *See, e.g., Manfredi & Levine v. Superior*

15   *Court* (1998) 66 Cal. App. 4th 1128, 1133 (general description of situation sufficient to support

16   withdrawal where there is no reason to doubt counsel's good faith; *in camera* hearing may be held

17   to obtain further non-privileged facts supporting the motion where necessary).

18         The Firm files this Motion pursuant to Local Bankruptcy Rule 2091-1(a)(1), which

19   provides that, in the absence of a substitution of counsel, an attorney seeking to withdraw from

20   representation of an individual in a bankruptcy case must file a motion requesting authorization to

21   withdraw.[1]

22         In moving to withdraw, there is no foreseeable prejudice, and the Firm's withdrawal will

23   not delay or prejudice these proceedings. Starting with discussions in November 2025, Panthers

24   was apprised of the Firm's intention to withdraw and the Firm's willingness to facilitate the

25   transfer of Panthers' client file to new counsel. To date, however, Panthers has not informed the

26   Firm of any substitute counsel.

27   ---

[1] Local Bankruptcy Rule 9013-1(p)(4) further provides that a Motion to Withdraw as Counsel may
28   be determined "without a hearing after notice provided in the corresponding LBR cited."

**MOTION TO WITHDRAW AS COUNSEL**

107805889

1    Since its retention through the present, the Firm has fully represented Panthers. The Firm

2    has had numerous discussions with the Trustee and counsel for various parties, objected to the

3    Debtor's motion to use cash collateral, appeared at the Debtor's initial § 341(a) meeting, advised

4    Panthers of the further continued § 341(a) meeting, fully briefed and argued Panthers Capital

5    LLC's Motion To Reconsider Order Approving Stipulation Between Debtor and Petco for

6    Turnover ("**Reconsideration Motion**"), and advised Panthers of the proof of claim deadline in

7    this Bankruptcy Case.

8    The Motion for Reconsideration was heard and the matter concluded on December 16,

9    2025. Otherwise, there are no deadlines pertinent to Panthers scheduled in the Bankruptcy Case at

10   this time. The Firm is ready, willing, and able to cooperate in a smooth transaction of the

11   bankruptcy file and will make the client file available to Panthers or Panthers' replacement counsel

12   promptly upon the granting of this Motion.

13   **II.      CAUSE EXISTS FOR AN ORDER GRANTING LEAVE FOR THE FIRM TO**

14   **WITHDRAW AS COUNSEL OF RECORD FOR PANTHERS**

15   "Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams*

16   *v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021), *citing LaGrand v. Stewart*, 133

17   F.3d 1253, 1269 (9th Cir. 1998). "In considering such a motion, courts may consider: '(1) the

18   reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3)

19   the harm withdrawal might cause to the administration of justice; and (4) the degree to which

20   withdrawal will delay the resolution of the case.'" *Id.*, *citing Leatt Corp. v. Innovative Safety Tech.,*

21   *LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

22   In assessing whether an attorney may withdraw as counsel, courts look to the state's

23   substantive ethics rules. *In re Mortgage & Realty Trust,* 195 B.R. 740, 747-748 (Bankr. C.D. Cal.

24   1996), *citing White Consolidated Industries. v. Island Kitchens, Inc.*, 884 F.Supp. 176, 179

25   (E.D.Pa.1995). The CRPC provide the substantive ethics rules in California. [2] *Id.*

26

27   [2] The Local Bankruptcy Rules of the United States Bankruptcy Court for the Central
District of California (the "**LBR**") adopt the California Rules of Professional Conduct as the ethics
rules applying to attorneys practicing before the court. See LBR 2090-2(a), citing to Local Civil

28   Rule 83 of the United States District Court for the Central District of California.

**MOTION TO WITHDRAW AS COUNSEL**

107805889

1    CRPC 1.16(b) states that "a lawyer may withdraw from representing a client if…

2        (4) the client by other conduct renders it unreasonably difficult for
        the lawyer to carry out the representation effectively;

3        …

4        (10) the lawyer believes in good faith, in a proceeding pending
        before a tribunal, that the tribunal will find the existence of other
5        good cause for withdrawal.

6    (CA ST RPC Rule 1.16).

7        An irreconcilable breakdown in the attorney-client relationship has long been recognized

8    as a ground for authorizing withdrawal. *See e.g. Sec. & Exch. Comm'n v. Newell*, No. 5:24-CV-

9    01524-SPG-SP, 2025 WL 868753, at *1 (C.D. Cal. Feb. 26, 2025) (Finding good cause to approve

10   motion to withdraw as counsel where counsel sought to withdraw from representation due to an

11   irreconcilable breakdown in attorney-client relationship); *Ackerman v. United States*, No. 2:24-

12   CV-01992-TLN-DMC, 2025 WL 3274322, at *1 (E.D. Cal. Oct. 1, 2025) ("Plaintiff's counsel

13   represents that an irreconcilable break in the attorney-client relationship, rendering it unreasonably

14   difficult for Plaintiff's counsel to effectively represent Plaintiff. Accordingly, there is good cause

15   to allow Plaintiff's counsel to withdraw."); *United States v. Schaedler-Moore*, No. 24-CV-978 W

16   (AHG), 2025 WL 834217, at *2 (S.D. Cal. Mar. 17, 2025); *see also Rus, Miliband & Smith v.

17   Conkle & Olesten,* 113 Cal. App. 4th 656, 673 (2003) ("The law can afford to take a relatively

18   permissive attitude toward withdrawals *qua withdrawals*. If attorney and client cannot agree, how

19   can they litigate together? There is no need to unequally yoke a union when one of the parties

20   clearly wants out.").

21       This Motion is brought on the grounds that the relationship necessary to the effective and

22   proper functioning of an attorney-client relationship has ceased to exist and, in the good faith

23   judgment of counsel, has been permanently and irreparably damaged. Due to a breakdown in its

24   relationship with Panthers, the Firm can no longer effectively represent Panthers. The Firm is

25   prepared to appear *in camera* should the Court require further details surrounding the breakdown

26   of the attorney-client relationship. *See Manfredi v Superior Court of California,* 66 Cal. App. 4th

27   1128 (1998) (in camera proceedings appropriate to "furnish details" and to "provide the court with

28

1  sufficient information" to resolve representational issues arising out of confidential

2  communications); *see also Cal Fresco, LLC v. Nutrition Corp, Inc.,* No. 8:23-CV-00970-MRA-

3  JDE, 2025 WL 1235139, at *2 (C.D. Cal. Apr. 18, 2025) (discussing reasons for withdrawal *in*

4  *camera*); *Sec. & Exch. Comm'n v. Hedonova LLC*, No. 2:24-CV-05293-CV-E, 2025 WL 2093113,

5  at *1 (C.D. Cal. May 12, 2025) (same); *Roberson v. Saputo Cheese USA, No. 1:24-CV-00175-*

6  *BAM, 2025 WL 3221137, at *1 (E.D. Cal. Oct. 20, 2025)* (same).

7         Accordingly, the Firm has determined that it can no longer effectively represent Panthers

8  and has sought permission to be relieved. Panthers has had the opportunity to retain other counsel

9  to replace the Firm, and the Firm has apprised Panthers of any upcoming deadlines in the

10  Bankruptcy Case. The Firm's withdrawal will not materially prejudice nor delay any resolution of

11  the Bankruptcy Case, or otherwise cause harm to the administration of justice.

12         Finally, in compliance with LBR 2091-1(c), notice of this Motion is being given to

13  Panthers, the Debtor, the Office of the United States Trustee, the Chapter 7 Trustee, and such

14  parties' respective counsel of record. And in compliance with LBR 2091-1(d), the Firm has given

15  notice to Panthers of the consequences of its inability to appear without counsel.

16  ## III.    CONCLUSION

17         WHEREFORE, based upon the foregoing, the Firm respectfully requests that this Court

18  enter an Order granting the Firm leave to withdraw as counsel for Panthers in the Bankruptcy Case,

19  and for such other relief as this Court deems just and proper.

20

21  Dated:    December 18, 2025                **POLSINELLI LLP**

22

23

24                                    By:  _____
                                              */s/ Tanya Behnam*

25                                            Randye B. Soref
26                                            Tanya Behnam

27                                    *Attorneys for Panthers Capital LLC*

28

4

**MOTION TO WITHDRAW AS COUNSEL**

107805889

1

## DECLARATION OF RANDYE B. SOREF

2      I, Randye B. Soref, declare as follows:

3      1.      I am a shareholder at Polsinelli LLP ("**Polsinelli**" or the "**Firm**"),

4  bankruptcy counsel of record to Panthers Capital LLC ("**Panthers**") in the above-captioned

5  bankruptcy case. I have personal knowledge of the facts set forth herein and, if called as a

6  witness, could and would testify competently thereto. Capitalized terms not otherwise

7  defined herein have the same meanings ascribed to them in the Motion to Withdraw as

8  Counsel (the "**Motion**") to which this Declaration is attached.

9      2.      There has been a fundamental and material breakdown in the relationship

10 between the Firm and Panthers. The relationship of trust and confidence necessary to the

11 proper functioning of an attorney-client relationship has ceased to exist. In my good faith

12 judgment, the attorney-client relationship has been irreparably damaged and it is no longer

13 possible to carry on an attorney-client relationship with the necessary degree of trust and

14 confidence which is foundational to that relationship. While I do not believe the precise

15 nature of the breakdown can be described without potentially violating the attorney-client

16 privilege or breaching client confidentiality, I am prepared to respond to any questions the

17 court may have *in camera*, if necessary, subject to the limits imposed by case law.

18     3.      Beginning with discussions in November 2025, on behalf of the Firm I

19 notified Panthers of the Firm's intention to withdraw and the Firm's willingness to facilitate

20 the transfer of Panthers' client file to new counsel. To date, however, Panthers has not

21 informed the Firm of any substitute counsel.

22     4.      Since its retention through the present, the Firm has fully represented

23 Panthers. The Firm has had numerous discussions with the Trustee and counsel for various

24 parties, objected to the Debtor's motion to use cash collateral, appeared at the Debtor's initial

25 § 341(a) meeting, advised Panthers of the further continued § 341(a) meeting, fully briefed

26 and argued Panthers Capital LLC's Motion To Reconsider Order Approving Stipulation

27

28

**MOTION TO WITHDRAW AS COUNSEL**
107805889

1    Between Debtor and Petco for Turnover ("**Reconsideration Motion**"), and advised Panthers

2    of the proof of claim deadline in this Bankruptcy Case.

3            5.       The Motion for Reconsideration was heard and the matter concluded on

4    December 16, 2025.

5            6.       I have notified Panthers that Polsinelli will file its Motion to withdraw in the

6    Bankruptcy Case and encouraged Panthers to locate new counsel, as well as specifically

7    alerted Panthers to the potential consequences of not timely securing replacement counsel.

8            7.       Panthers has had the opportunity to retain other counsel to replace the Firm.

9    Yet as of the date of this Declaration, Panthers has not identified new counsel to the Firm.

10           8.       Polsinelli's withdrawal will not delay or prejudice these proceedings.

11           9.       The Firm has advised Panthers of the further continued § 341(a) meeting and

12    proof of claim deadline in this Bankruptcy Case.  Otherwise, there are no upcoming

13    deadlines affecting Panthers in the Bankruptcy Case at this time.

14           10.      I, therefore, believe that the Firm's withdrawal at this time will not

15    unreasonably prejudice Panthers or other parties to the Bankruptcy Case, nor delay any

16    resolution of the Bankruptcy Case.

17           11.      In compliance with LBR 2090-1(c), notice of this Motion is being given to

18    Panthers, the Debtor, the Office of the United States Trustee, the Chapter 7 Trustee, and such

19    parties' respective counsel of record.

20           12.      In compliance with LBR 2091-1(d), Polsinelli has given notice to Panthers

21    of the consequences of its inability to appear without counsel.

22

23         I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th

24    day of December 2025, at Los Angeles California.

25

26    _____
                            Randye B. Soref

27

28

**MOTION TO WITHDRAW AS COUNSEL**

107805889

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Suite 2900, Los Angeles, CA 90067


A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(p) or (q)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:


**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/18/2025   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 12/18/2025   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/18/2025   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**BY OVERNIGHT MAIL (FEDERAL EXPRESS)**
Hon. Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 12/18/2025 | Cindy M. Cripe | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (Continued)**</u>

Ismail Amin on behalf of Creditor Newtek Bank, N.A.
iamin@talglaw.com, pgilmore@talglaw.com;kvescera@talglaw.com;
shalberstadt@talglaw.com;cstark@talglaw.com;ckim@talglaw.com;eavakian@talglaw.com

Tanya Behnam on behalf of Creditor Panthers Capital LLC
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Christopher Beyer on behalf of Creditor North Star Leasing, a Division of Peoples Bank
cab@replevin.com, ecf@writofseizure.com

Michael D Breslauer on behalf of Interested Party Courtesy NEF
mbreslauer@swsslaw.com, sdurazo@swsslaw.com

Dennis A Dressler on behalf of Creditor Tokyo Century (USA) Inc. ddressler@dresslerpeters.com

David M Goodrich (TR)
dgoodrich@go2.law, c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@go2.law

Michael Jones on behalf of U.S. Trustee United States Trustee (LA) michael.jones4@usdoj.gov

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov

Byron Z Moldo on behalf of Debtor CIS International Holdings (N.A.) Corporation
bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com

Scott Olson on behalf of Creditor Settle Funding, LLC solson@seyfarth.com, chidocket@seyfarth.com

Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company LLC, c/o AIS Portfolio Services, LLC
amit.sharma@aisinfo.com

Randye B Soref on behalf of Creditor Panthers Capital LLC
rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com

Chase Aleksander Stone on behalf of Debtor CIS International Holdings (N.A.) Corporation
cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Cranston J Williams on behalf of Creditor Southern California Gas Company
cwilliams3@socalgas.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
106464755.1

**F 9013-3.1.PROOF.SERVICE**

Jennifer C Wong on behalf of Creditor Ford Motor Credit Company LLC
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2.  SERVED BY UNITED STATES MAIL**

**Debtor**
CIS International Holdings (N.A.) Corporation
dba E Tropical Fish
1405 W. 178th Street
Gardena, CA 90248

Panthers Capital LLC
9 West Broad Street, Suite 320
Stamford, CT 06902

Benjamin Isaacov
9 West Broad Street, Suite 320
Stamford, CT 06902

Mike Herzog
9 West Broad Street, Suite 320
Stamford, CT 06902

**3.  SERVED BY EMAIL**

ben@pantherscapital.com
mike@pantherscapital.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.