David M. Goodrich
  *dgoodrich@go2.law*
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile    714-966-1002

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CIS INTERNATIONAL HOLDINGS CORPORATION, dba E TROPICAL FISH,<br><br>                    Debtor. | Case No. 2:25-bk-18374-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER EXTENDING TIME TO REMOVE ACTIONS PURSUANT TO FRBP 9027(a)(2) AND 28 U.S.C § 1452; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID M. GOODRICH IN SUPPORT THEREOF**<br><br><u>Hearing date, time and location:</u><br>Date:    January 20, 2026<br>Time:    10:00 a.m.<br>Ctrm:    Courtroom 1668 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, THE DEBTOR'S COUNSEL, AND ALL CREDITORS AND OTHER INTERESTED PARTIES:**

David M. Goodrich, the chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of CIS International Holdings Corporation, dba E Tropical Fish ("Debtor"), hereby moves for an order extending the time to remove actions pursuant to FRBP 9027(a)(2) and 28 U.S.C. § 1452 ("Motion"). In support of the Motion, the Trustee submits

the following memorandum of points and authorities and the declaration of David M. Goodrich (the "Goodrich Declaration").

The Trustee contends cause exists to extend the deadline to remove litigation filed by creditor Panthers Capital LLC ("Panthers") against the Debtor and several other corporate and individual defendants in the Superior Court for the State of Connecticut ("Action"). The Trustee continues to investigate the bankruptcy estate's assets and rights, including potential causes of action against Panthers and the co-defendants of the Debtor in the Action. The Trustee believes that a dispositive ruling in the Action could foreclose rights of the Estate even though the Action is stayed against the Debtor because certain issues may be adjudicated with finality. As such, the Court should grant the Motion and extend the Trustee's deadline to remove actions by 90 days.

Dated: December 18, 2025

By: /s/ David M. Goodrich
David M. Goodrich
Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Trustee seeks entry of an order extending the period within which the Trustee may remove a lawsuit filed by Panthers Capital LLC ("Panthers") against the Debtor as well as corporate and individual defendants ("Action") for 90 days.  A order extending the time to remove the Action is in the best interest of the Estate and its creditors because it will ensure that the Estate does not forfeit valuable rights in the Action while the Trustee investigates potential claims against all of the parties in the Action.  Further, the Trustee would prefer not to prematurely remove the Action if he later decides to abandon claims of the Debtor against the parties to the Action.  Accordingly, the Trustee respectfully requests that the Motion be granted and the deadline to remove the Action be extended to March 21, 2026.

## II.  PERTINENT BACKGROUND FACTS

The Debtor filed a chapter 11 petition on September 22, 2025.  *See* Docket No. 1.[1] The case was converted to chapter 7 on or about October 22, 2025.  *See* Docket 80. Thereafter, David M. Goodrich was appointed as chapter 7 trustee.  *See* Docket No. 81.

The Debtor operated an aquatic livestock and distribution facility supplying pet stores and wholesalers nationwide. Prior to the filing the Debtor was a party to a pending lawsuit in the Action.  It is the Trustee's understanding that all claims against the Debtor have been stayed as a result of the bankruptcy filing.  It is also the Trustee's understanding that all claims of the other parties to the Action have not been stayed.

The Trustee has not had sufficient time to investigate claims, affirmative defenses, counter claims and potential cross and counter claims in regards to the nexus of operative facts presented in the Action.  If the Estate holds claims against one or more of the parties

---

[1] The Trustee requests the Court take judicial notice of its docket, the filing date of pleadings on its docket and the admissions of the Debtor made under oath in its schedules.

to the Action and a claim or affirmative defense is litigated to finality without the Trustee's participation, the Estate may lose rights it holds against one or more parties in the Action.

**III. ARGUMENT**

FRBP 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, Section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

FRBP 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FRBP 9027(a)(2).

FRBP 9006(b) provides that the Court may extend unexpired time periods, such as the Trustee's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request

therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1).

Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also, Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

The Trustee has not had sufficient time to review the Action to determine if it should be removed pursuant to FRBP 9027(a). Accordingly, the Trustee submits that extending the removal deadline is in the best interest of the Estate and its creditors. The extension sought will afford the Trustee an opportunity to make more fully informed decision concerning the removal of the Action and will assure that the Estate does not forfeit the valuable rights of the Estate.

**IV.    CONCLUSION**

Based upon the foregoing, the Trustee respectfully requests that this Court enter an order:

1. Granting this Motion;

2. Extending the deadline set by approximately 90 days from December 21, 2025 to and including March 21, 2026, for the Trustee to remove the Action pursuant to FRBP 9027 and 28 U.S.C. § 1452; and

2. For such other and further relief as the Court deems just and proper.

Dated: December 18, 2025

By: /s/ David M. Goodrich
David M. Goodrich
Chapter 7 Trustee

# DECLARATION OF DAVID M. GOODRICH[2]

I, David M. Goodrich, declare as follows:

*1.* I am the duly appointed, qualified, and acting Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of CIS International Holdings Corporation, (the "Debtor"). Except as otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I submit this declaration in support of my *Motion for Order Extending Time to Remove Actions Pursuant to FRBP 9027(a)(2) and 28 U.S.C § 1452.*

2. The Debtor filed a chapter 11 petition on September 22, 2025. The case was converted to chapter 7 on or about October 22, 2025. Thereafter, I was appointed as chapter 7 trustee.

3. It is my understanding that the Debtor operated an aquatic livestock and distribution facility supplying pet stores and wholesalers nationwide.

4. It is my understanding that all claims against the Debtor have been stayed as a result of the bankruptcy filing.

5. It is my understanding that all claims of the other parties to the Action have not been stayed.

6. I have not had sufficient time to investigate claims, affirmative defenses, counter claims and potential cross and counter claims in regards to the nexus of operative facts presented in the Action.

7. If the Estate holds claims against one or more of the parties to the Action and a claim or affirmative defense is litigated to finality without my participation, the Estate may lose rights it holds against one or more parties in the Action.

---

[2] Capitalized terms not otherwise defined herein have the same meaning as given to them in the accompanying Motion.

8.    I believe it is in the best interest of the Estate and its creditors to extend the deadline to remove the Action to March 21, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this <u>18th</u> day of December 2025, at Costa Mesa, California.

                                      /s/ David M. Goodrich  
                                      David M. Goodrich

PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or adversary proceeding. My business address is: 3070 Bristol Street, Suite 640, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (specify) **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER EXTENDING TIME TO REMOVE ACTIONS PURSUANT TO FRBP 9027(a)(2) AND 28 U.S.C § 1452; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID M. GOODRICH IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ismail Amin    iamin@talglaw.com, pgilmore@talglaw.com;kvescera@talglaw.com;shalberstadt@talglaw.com;cstark@talglaw.com;ckim@talglaw.com;eavakian@talglaw.com
- Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Christopher Beyer    cab@replevin.com, ecf@writofseizure.com
- Michael D Breslauer    mbreslauer@swsslaw.com, sdurazo@swsslaw.com
- Dennis A Dressler    ddressler@dresslerpeters.com
- Michael Jones    michael.jones4@usdoj.gov
- Ron Maroko    ron.maroko@usdoj.gov
- Byron Z Moldo    bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- Scott Olson    solson@seyfarth.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com,chidocket@seyfarth.com
- Amitkumar Sharma    amit.sharma@aisinfo.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Chase Aleksander Stone    cstone@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com,cmacan@ecjlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Cranston J Williams    cwilliams3@socalgas.com

2. SERVED BY UNITED STATES MAIL:
On December 18, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
CIS International Holdings
1405 W. 178th Street
Gardena, CA 90248

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 10, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 18, 2025 | Lorraine L. Robles | /s/ Lorraine L. Robles |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |